# J. M. CONWAY & CO. v. CHARLES H. LEWIS.

ERROR TO THE COURT OF COMMON PLEAS NO. 1 OF PHILA-
DELPHIA COUNTY.

Argued March 29, 1888—Decided April 30, 1888.

1. A consignment of goods to a factor for sale, without special instruc-
tions and without limit as to price, confers upon him the right to exer-
cise his own best judgment in the sale and he is neither bound to write
for instructions, nor having written to wait for a reply.
2. A factor, uninstructed as to price, submitted an offer made for the
goods to his principal, and, without awaiting a reply sold the goods at
what was claimed to be the best market price: *Held*, that the question
was whether he had acted in good faith and with a due regard to his
duty to the owner, and this was a question for the jury under the evi-
dence.

Before GORDON, C. J., PAXSON, GREEN, CLARK and WIL-
LIAMS, JJ.; TRUNKEY and STERRETT, JJ., absent.

No. 276 January Term 1888, Sup. Ct.; court below, No. 517
June Term 1885, C. P.

Charles H. Lewis had recovered a judgment before a magis-
trate against John M. Conway and E. H. Hamilton, trading as
John M. Conway & Co., for $92.94, when the defendants took
an appeal.

At a second trial in the Common Pleas on January 18, 1887,
the plaintiff's case was presented by evidence showing that he
was a manufacturer of woolen yarn at Bristol, Tenn., and in
September 20, 1884, he wrote the defendants, who were com-
mission merchants in New York with a branch house at Phila-
delphia, asking the price of 20-cut woolen yarn, and received a
reply that such yarn* was bringing 45 to 48 cents per pound,
and in the last of the month he delivered to them for sale three
bales, weighing 551 lbs.; that on October 15th, the defendants
wrote him that they had offered his yarn to a number of par-

---

* The " cut " of yarn in the trade represents the number of yards of it
taken to weigh one pound. Of 1-cut yarn, 300 yards weigh a pound, and
of 20-cut yarn, twenty times as much, or 6000 yards.

ties, " but 30 cts. is the best offer we can get for it, as it is so very uneven, running from 20 to 30-cuts. Please let us know if we shall close it out at this price ; otherwise, let us know where we shall send it to, as above is best we can get; " that to this letter he replied refusing to take the price, asking the defendants for the freight bills, stating that he would take the yarn off their hands ; that by letter of October 23d, the defendants sent the freight bills, and on November 4th, he sent them a check to cover the costs and directed them to turn the yarn over to James Smith & Co., near them ; that on November 6th, the defendants returned the check, and sent an account of sales which showed that the yarn had been sold on October 17th, at 30 cts. : " We could not get more for it on account of its unevenness." The plaintiff claimed the value of the wool at 45 cts., less the amount of the sale at 30 cts., which amount had been transmitted.

In the defendants' case, it was shown that the yarn, when received at the branch house in Philadelphia, was at once tested by them and by several parties to whom they offered it for sale and was found to be so uneven that it ran from 18-cut to 30-cut in grade ; that the letter of inquiry of October 15, 1887, from defendants to plaintiff, was written at the New York house and the defendants' Philadelphia agent who sold the yarn did not see it. It appeared that the yarn was sold on October 17th, to John W. Wise, a dealer, for 30 cts., who then sold it for 35 cts., to Rumpf & Brother, who made it up into " German coverlets, a kind of goods in which the unevenness did not make much difference." The defendants examined several experts who had tested the yarn and who testified that it was not worth more than 25 cts. to 30 cts. in the market.

The court, PEIRCE, J., charged the jury and answered the points presented as follows :

The defendants' points :

1. To entitle the plaintiff to recover, he must prove that defendants were guilty either of breach of orders, fraud, or negligence ; and unless the jury can find from the evidence that the defendants were guilty of breach of orders, fraud, or negligence, then the verdict must be in their favor.

Answer : Affirmed.

2. There is no evidence in the case of breach of orders or fraud on part of the defendants ; therefore it must be proved that they were guilty of negligence, to entitle the plaintiff to recover.

Answer : I affirm this point with a qualification ; if the defendants wrote for orders, and sold before getting orders, while this was not a sale against orders, yet it was a sale without orders, and would constitute negligence on the part of the defendants.[1]

3. If the jury find from the evidence that the plaintiff did not fix or limit any price upon the yarn in question, prior to the sale, and that 30 cents per pound, the price obtained by defendants, was a fair market price for said yarn at the time of sale, then the verdict must be for the defendants.

Answer : Refused.[2]

4. If the jury find from the evidence that the plaintiff did not limit any price upon the yarn prior to the sale ; that defendants made reasonable and proper efforts to obtain a fair price for the yarn and that 30 cents per pound was as much as they could obtain for it, which amount was remitted by them to the plaintiff, less freight and commissions, then the verdict must be for the defendants.

Answer : Refused.[3]

5. If the jury find from the evidence that the plaintiff did not limit any price upon the yarn prior to the sale, then defendants were not bound to communicate with or consult him before making a sale ; hence the fact that defendants wrote to plaintiff, asking him if they should sell at 30 cents, but afterwards sold at that price before receiving a reply, has no bearing on plaintiff's right to recover, and does not in any way alter or increase defendants' responsibility in this case.

Answer : Refused.[4]

This is an action by Charles H. Lewis against John M. Conway & Co., a New York commission house, having a branch house here, to recover damages for the sale of yarn. Plaintiff brought the yarn here, and took a sample of it to defendants. He said it was 20-cut yarn, and asked then or subsequently what 20-cut yarn would bring ; and was told 45 cents per pound. Plaintiff had the yarn sent to defendants to sell, who sold it for 30 cents per pound, and in defence say it was not

20-cut yarn; and the evidence is that instead of being 20-cut, the yarn was very uneven, and ran from 18 to 30 cuts, and that this unevenness or want of uniformity materially depreciated its value, and that defendants could not get more than 30 cents. If defendants had sold without asking for instructions, a very different question would have been presented. They, finding they could not get more than 30 cents per pound, wrote to plaintiff and stated the fact, but sold the yarn without waiting for a reply.

[The first question which arises is, were the defendants guilty of negligence? Their duty was to get the best price they could, and having written for instructions they were bound to await a reply, to receive the instructions asked by them; and if they sold without awaiting a reply, this was negligence.] [5] . . . . .

The verdict of the jury was in favor of the plaintiff for $109.68. A rule for a new trial being discharged, judgment was entered upon the verdict, when the defendants took this writ assigning for error:

1–4. The answers to defendants' points [1 to 4]

5. The part of the charge embraced in [  ] [5]

*Mr. William B. Lane*, for the plaintiffs in error:

1. It is a universal rule, that when a factor receives goods for sale without instructions as to price, he is at liberty to sell on the best terms he can obtain at the time, and is responsible only for good faith and reasonable prudence and skill. If these requirements are complied with, the factor is not liable for any loss sustained by the consignor; a fortiori, if he sell the goods at a fair market price: Edwards, Factors & B., § 25; Russell, Factors & B., 29*, 31*; Story, Agency, § 198; Smedley v. Williams, 1 Pars. 359, 363; Geyer v. Decker, 1 Y. 486; 1 Amer. L. C. 667; Smart v. Sanders, 3 C. B. 379; Marfield v. Douglass, 1 Sanf. 360, 406; Marfield v. Goodhue, 3 N. Y. 62; Milbank v Dennistoun, 10 Bosw. 382; Jervis v. Hoyt, 2 Hun 637; Cotton v. Hiller, 52 Miss. 7.

2. It is undisputed that the defendants received no instructions as to price prior to the sale, and it is perfectly clear they had the right to sell for the best price they could obtain, using

due diligence. They were not bound to consult or communicate with the plaintiff. How, then, can it be said that merely selling, after asking for instructions and before they were received, was negligence of itself? To constitute negligence there must be an act which produces damage to another: Whart., Neg., § 3; and all questions should have been submitted to the jury.

*Mr. Joseph J. Knox*, for the defendant in error:

The defendants having elected to write for instructions, were they not bound to wait for them? Was there not an implied promise to wait for an answer?

The authorities cited show that a factor, without instructions as to price, is at liberty to sell without asking therefor, providing he exercise good faith, prudence and skill; but the question in our case is, did the factor so act? Do not the facts show negligence?

OPINION, MR. JUSTICE WILLIAMS:

Conway et al., defendants below, were commission merchants. Lewis consigned three bales of yarn to them for sale. It was represented to be a 20-cut yarn worth at that time about forty-five cents per pound. The bales were tested by reeling and weighing samples from them, and the yarn, as Conway alleges, was found to be not an even 20-cut, but an uneven and inferior article ranging from eighteen to thirty cuts. Efforts were made by Conway et al., to sell the yarn, but the highest price offered was, as they allege, thirty cents per pound. They wrote to Lewis the result of their efforts to sell, and the price they were offered, and asked for instructions, but before an answer was received they decided to close out the consignment at the price offered and made the sale accordingly. Lewis denies that the yarn was an uneven and inferior article, insists that it should have brought forty-five cents, and brings this suit to recover the difference between that price and the price at which it was sold.

At the conclusion of the evidence on the trial in the court below, the defendants submitted a series of points, in the first of which they asked the court to instruct the jury that "unless the jury can find from the evidence that the defendants were

guilty of breach of orders, fraud, or negligence, then the verdict must be in their favor." This was affirmed without qualification. The second point narrowed the general proposition contained in the first to meet the defendants' view of the evidence, and asked the court to say that "there is no evidence of breach of orders, or fraud on part of defendants, therefore it must be proved that they were guilty of negligence to entitle the plaintiff to recover." To this the learned judge replied: "I affirm this point with a qualification: if the defendants wrote for orders, and sold before getting them, while this was not a sale against orders, yet it was a sale without orders and would constitute negligence on the part of the defendants."

We cannot agree to this definition of negligence. The consignment of the goods to the defendants for sale, without special instructions and without limit as to price, conferred upon them the right to exercise their own judgment in the sale. They were bound to the use of their best judgment in view of all the circumstances, and were neither bound to write for orders, nor, having written, to wait for a reply. It might have been prudent to wait for the reply, but their duties as factors were not changed, nor their powers diminished by the fact that they had written for directions. Until the answer was received they were at liberty to sell upon their own judgment, and if acting in good faith were entitled to protection. The general rule is clearly stated in 1 Pars. 363, in these words: "If the consignor desires to limit the price at which his goods are to be sold, he should say so in express terms, and if he omits to do so, the consignee has the right to consider the sale of the goods as referred to his discretion."

If the consignees had not exercised their discretion before instructions came, then the directions of the owner set the limits within which their discretion must thereafter be confined; but if they had made the sale the questions were whether they had acted in good faith, and with a due regard to the duty they owed the consignors. This was for the jury under the evidence in this case, and should have been submitted to them. The assignments of error all relate to this subject and are all sustained.

> Judgment reversed, and venire facias de novo awarded.