## JAMES W. ARROTT v. N. U. WALKER.

ERROR TO THE COURT OF COMMON PLEAS NO. 1 OF ALLEGHENY
COUNTY.

Argued October 28, 1887—Decided January 3, 1888.

An insurance broker, undertaking as his customer's agent to procure insurance for the latter to a certain amount, is liable, in case of failure, only when he has not exercised diligence and good faith in his efforts; but, when the right to recover depends upon the position that the contract was a personal undertaking on the part of the broker, the contract is void under the act of February 4, 1870, P. L. 14.

Before GORDON, C. J., PAXSON, STERRETT, GREEN and WILLIAMS, JJ.; TRUNKEY and CLARK, JJ., absent.

No. 125 October Term 1887, Sup. Ct.; court below, No. 455 December Term 1885, C. P. No. 1.

The action below was in assumpsit by Nathan U. Walker, doing business as the N. U. Walker Clay Manufacturing Company, against James W. Arrott, instituted on November 3, 1884.

The declaration averred that on September 1, 1884, the defendant was an insurance agent at Pittsburgh, and contracted with the plaintiff to place insurance upon his property at Walker station, Columbiana county, Ohio, to the sum of $45,000, at rates then and there agreed upon, the risk to commence at 12 o'clock on said day and to continue for one year; that the defendant was to receive a percentage on the premiums to be paid to the various insurance companies who should accept the risk; that on September 12, 1884, the terra cotta works of the plaintiff to the value of $21,000 were destroyed by fire, and the defendant when called upon for the policies covering the said risk, declined to furnish them, claiming that he had placed insurance upon the terra cotta works to the sum of $16,800, only; whereby the plaintiff lost the sum of $4,200 by reason of defendant's failure to fulfil his contract.

The facts appearing at the trial on April 27, 1887, sufficient-

ly appear in the charge of the court, BAILEY, J., which was as follows:

This action has been brought by the plaintiff, N. U. Walker, doing business as the N. U. Walker Clay Manufacturing Company, against the defendant, James W. Arrott, to recover damages for an alleged breach of contract upon the part of Mr. Arrott to place a certain sum of insurance, by which failure damage resulted to the plaintiff to the amount claimed in this action.

It is alleged upon the part of the plaintiff, that Mr. Arrott was an insurance broker, transacting business in the city of Pittsburgh, and holding himself out as such. The business of an insurance broker is recognized by law and the broker requires, in order to transact that business, a license. It is to be assumed that was the state of facts under which Mr. Arrott was acting at this time, because there is no evidence to the contrary; it is to be assumed, of course, that he complied with the law.

It is alleged that an application was made to him by the son, the agent of the plaintiff, to place a certain portion of $47,500 insurance, which plaintiff desired upon certain property of the plaintiff in Ohio; that in consequence of certain conversations that occurred at that time the whole matter was intrusted to the defendant, and the defendant then and there as such insurance broker, undertook to place the insurance upon the property of the plaintiff to the amount of $47,500; that the insurance was to take effect upon the first day of September, 1884, at noon; that the amounts of the premiums agreed upon between the parties were to be paid to Mr. Arrott sixty days thereafter; that a fire occurred; and it then appeared that Mr. Arrott had failed to place all the insurance that had been intrusted to him, and, in consequence, loss occurred to the plaintiff. That is substantially what the plaintiff claims as the facts upon which he relies to recover in this action.

The burden, of course, is upon the plaintiff to make out such a state of facts as will satisfy you by the preponderance of testimony that the allegations upon his part have been sustained, and you will critically examine the testimony where there is conflict, and determine whether that preponderance of

testimony does appear upon the part of the plaintiff. If the plaintiff has failed to satisfy you, by the fair weight of the evidence, that such a contract was entered into by Mr. Arrott, at the time and under the circumstances detailed, your verdict will be for the defendant. The plaintiff must establish it, or it may be established, not necessarily by the testimony simply of the plaintiff, but by any and all the testimony taken together, in the trial of the cause. You do not necessarily take simply the testimony of the plaintiff and say the plaintiff may have failed by his presentation of the facts, if the other facts and circumstances in the case satisfy you that the weight of the testimony is in favor of the allegations on the part of the plaintiff.

With respect to this proposition on the part of the plaintiff, counsel have requested me to instruct you as follows :

1. If the jury find from the evidence that the defendant agreed to place insurance to the amount of $47,500 on plaintiff's property, and the risk to commence September 1, 1884, at 12 o'clock, noon, in consideration of the premium to be paid in sixty days thereafter, and the defendant neglected or failed to place said insurance to that amount, and a loss resulted to plaintiff thereby, plaintiff can recover in this action the amount of the loss resulting to plaintiff by reason of said breach of contract.

Answer : I would, in instructing upon this point, recall the allegations upon the part of the defendant of the business of the defendant, at the time, and his statements under which the matter is alleged to have been intrusted to him. With those facts in your minds, in connection with those stated in this point, the point is affirmed.[1]

2. That if the jury find that the defendant agreed to place said amount of insurance, to cover the risk from 12 o'clock, noon, of September 1, 1884, he is bound by said agreement and is liable for the loss resulting to plaintiff from its breach; and the fact that certain insurance companies refused the risk is no defence in law, and affords the defendant no relief from an absolute undertaking to place the insurance.

Answer : The first branch of this point substantially reiterates what is stated in the first point, though a little nakedly stated, but taken in connection with the other facts that I

have indicated in answer to the first point, the proposition is affirmed. Of course, the purpose of this point, the first having been affirmed, is merely to point out the fact " that certain insurance companies refused the risk is no defence in law," and that position is affirmed.[2]

To this the defendant makes several answers, which, so far as they are contained in the points that have been presented by the counsel, I will consider.

One of them is that this is an undertaking of insurance upon the part of the defendant, as alleged by the statements and claim of the plaintiff; and that under the law of the state such insurance by a private person would be void, the statute requiring that the issuing of insurance policies, contracts and guarantees shall be by a corporation and not by a private individual: That is contained in the fourth point of the defendant.

4. That if the jury believe that Arrott agreed on the first day of September, 1884, absolutely and unconditionally to place the plaintiff's insurance on that day to take effect from noon of that day, such a contract would be in substance a contract of or guaranty of insurance, and as such prohibited and void under the act of February 4, 1870, and plaintiff, therefore, cannot recover.

Answer : I refuse that point. I refuse to instruct you that it was a contract of insurance and therefore void.[5]

On the same branch of the subject there is the third point.

3. Under the law in Pennsylvania there can be no recovery against defendant as if the defendant had himself agreed to insure the property of plaintiff.

Answer : It is substantially the same question as suggested in the 4th point, and for the purposes of this case is refused.[6]

You will observe, if that point had been affirmed, it would have been the end of the case; that is, the plaintiff could not recover.

So, again, I am requested to instruct you:

1. Under all the evidence the plaintiff cannot recover.

Answer : This point is refused.[3]

2. There is no evidence to show any consideration between plaintiff and defendant to support the contract which the plaintiff alleges was made between them, and for non-performance of which this action is brought, and the verdict of the jury must be for defendant.

Answer: If this had been a naked request by the plaintiff to the defendant, or a naked undertaking by the defendant, to place for the plaintiff certain fire insurance, there would have been no legal consideration moving between the parties, and even though the defendant failed to perform the undertaking, he would not have been liable for the loss which subsequently occurred. But I do not understand that this is necessarily such a case. If it were this point would be affirmed. I think there is testimony from which the jury may find facts which would create a legal duty and liability upon the part of the defendant. If the jury find that the defendant Arrott was an insurance broker, held himself out to the public as such and solicited business as such from all having need of such services; that the plaintiff's agent went to Mr. Arrott as such broker for the purpose of employing him to place a part of the desired insurance; that Mr. Arrott represented that it would be to plaintiff's interest to place with the defendant the full sum of $47,500, and that plaintiff should employ him to place all that sum; that influenced by defendant's representations, plaintiff's agent intrusted the matter to him, and the defendant then and there agreed that he would place that sum of insurance for plaintiff; that he would take charge of the matter and would place the entire sum of $47,500 on plaintiff's property, the risk to commence at noon of September 1, 1884; that the amounts of premiums agreed upon were to be paid to him sixty days thereafter; that he entered upon the undertaking and placed a portion of the sum, but failed as to about $4,000; that he did not notify the plaintiff of his failure until after the fire; that a fire occurred and loss was suffered by the plaintiff to more than the amount of the insurance which defendant failed to place, it does not lie in defendant's mouth to say that there was no legal consideration to support the alleged contract, and the point is refused. It is for you to say whether the testimony establishes these facts.[4]

The defendant sets up another answer to this claim on the part of the plaintiff which is contained in the 5th point.

5. That if the jury believe that the contract between the parties was that Arrott should do the best he could in placing the insurance, then there is no sufficient evidence of any negligence on Arrott's part in the performance of the contract, and plaintiff could not recover.

Answer : That point is affirmed.  If you find that the contract was not as the plaintiff claims it to have been, and such as I have indicated, but that it was simply that Arrott should do the best he could in placing this insurance, not that he undertook absolutely to do it, but that he undertook to do his best to place it, there is no evidence in this cause that I remember, which indicates neglect upon the part of Arrott in a failure of performance of his contract, and the plaintiff could not recover.   Those are the two material questions of fact for you to determine ; whether the contract is as set up by the plaintiff or by the defendant ; whether it was a contract for an absolute undertaking to place the insurance, or whether it was an undertaking simply to do the best he could.

6. There is no admission in this case that the defendant admitted that there was an actual loss to the plaintiff on the brick and terra cotta works of over $4,000.

Answer : The point is a little lamely drawn, but I suppose the intention is to say, that the defendant did not admit.   There is no evidence that the defendant admitted in words that there was an actual loss to the plaintiff on the brick and terra cotta works of over $4,000, and I do not remember that there was any such evidence ; and meaning that, the point is affirmed. But under our rules of court where a party alleges in his affidavit of claim, as the plaintiff did in this case, that the amount of loss amounted to the sum of over $4,000, and that was not denied in the affidavit of defence by the defendant, it is regarded in law as an admission by the defendant that the allegation of the plaintiff in that respect, in his affidavit, is true.[7]

7. There is no evidence in this case to show that the defendant acted in bad faith to the plaintiff in procuring or failing to procure policies of insurance on plaintiff's property.

Answer : I do not remember any evidence to such effect, and that point is affirmed.

8. The plaintiff in this case has sued Arrott for not placing insurance, and there is no evidence in the case which justified the assertion that he did place the insurance in certain companies and fraudulently suppressed or canceled it, and a verdict reached by the jury upon the belief that there was such fraudulent suppression would be contrary both to the law and the evidence of the case.

Answer: I do not think that it would be contrary to law to find the fact and the consequences of the fact, but there is nothing, so far as I recollect, in the testimony which indicates that there was a placing of the insurance in certain companies, and a fraudulent suppression or canceling of it by the defendant; and the point as drawn, with the exception I have indicated, is affirmed.

Now, gentlemen, I believe I have stated all that is necessary to indicate to you what the points are, and matters which you will have to pass upon. You will exercise your best judgment. You will try the case, as counsel have stated, without fear, favor or affection, and render such a verdict as the preponderance of the evidence, under the instructions I have given you, warrants.

If you find for the plaintiff you find the amount of loss that has been established, with interest, adding in the interest and rendering your verdict in a gross sum. It sounds in damages, for the loss. If you find for the defendant that there is no responsibility on his part, under the evidence and the law, you will find for the defendant without more.

The verdict of the jury was in favor of the plaintiff for $4,641,68, and, judgment being entered, the defendant then took this writ, assigning as error:

1, 2. The answers to the plaintiff's points.[1] [2]

3–7. The answers to the defendant's points.[3 to 7]

*Mr. John S. Ferguson,* and *Mr. Isaac S. Vanvoorhis,* for the plaintiff in error:

1. Aside from other questions, the contract, if the plaintiff's testimony be true, was a contract of insurance by a private individual, and therefore void under the act of February 4, 1870, P. L. 14. If a contract at all, it was that absolutely and at all events the plaintiff's property should stand insured for $21,000, from and after noon of September 1, 1884, with no excuse for failure, and under said act such a contract is a dead letter.

2. It is not alleged by the plaintiff that he employed the defendant as his agent. The defendant was to receive his compensation from the insurance companies taking the risk,

which, on the part of the defendant was nothing more than the mere non-performance of an executory promise which was a nudum pactum: Frauenthal v. Derr, 13 W. N. 485.

*Mr. A. M. Brown* (with him *Marshalls & Imbrie*), for the defendant in error:

The plaintiff contended that the defendant's undertaking was an absolute and unconditional agreement on his part, as one in business as an insurance broker, to place $21,000 insurance on the property. The verdict established the existence of the contract. The agreement contained all the elements of a legal contract. The consideration to be received by the defendant was 2¼ per cent. on the sum insured, to be paid by plaintiff to defendant. In Frauenthal v. Derr, 13 W. N. 485, the defendants were to obtain policies in certain companies and the premium was to be paid to the companies. Here the agreement was the granting to the defendant the control and placing of the whole of a large line of insurance, and the payment to him of 2¼ per cent. premium. He could select the companies and pocket the profits of whatever contracts he might make. It cannot be that such a contract is void under the act of 1870.

OPINION, MR. JUSTICE WILLIAMS:

The plaintiff in the court below was a manufacturer owning buildings and machinery. The defendant was an insurance agent in the city of Pittsburgh, representing a number of fire insurance companies. On August 28, 1884, James Walker, a son of the plaintiff, called upon the defendant to obtain insurance upon his father's property. In consequence of this interview Arrott visited the works of the Walker Manufacturing Company, in Ohio, and made a survey and examination of them with a view to determine the character of the risk. On the first day of September during the forenoon, James Walker again came to the office of Arrott and stated that the amount of insurance desired upon the whole property was $47,500, of which $21,000 was to be upon the terra cotta and brick works. Arrott promised to place the amount desired at two and one fourth per cent., risk to begin at noon of that day, and Walker to have sixty days in which to pay the premiums. On the

12th day of the same month the terra cotta and brick works were destroyed by fire. Arrott had succeeded in placing only $16,800 of insurance upon the property destroyed at the time the fire occurred. This action was brought to recover the difference between $21,000, the amount of insurance which Arrott undertook to place upon the property, and the amount realized from the policies actually secured.

The first question was as to the nature of the contract sued on. If it was an undertaking by an insurance agent to procure insurance for his customer, if responsible companies could be found to carry the risk, he was bound to the exercise of diligence and good faith in his effort to procure insurance to the promised amount. He was liable for a failure to obtain the insurance because of failure in the faithful discharge of his duty, and not otherwise. No such complaint was made against him, and the court in answer to a point calling attention to this subject distinctly told the jury that there was no evidence before them from which such a finding could be made. If the contract of Arrott was that of an agent, it was clear that he had fully performed it. The plaintiff's right to recover depended, therefore, upon the position that the contract was a personal undertaking by Arrott, that the property should be insured against fire from twelve o'clock noon of September 1, whether responsible companies could be found to carry the risk or not.

To this view of his liability the defendant replied that such a contract, if made, was void under the act of Feb. 4, 1870, P. L. 14, which provides that "it shall be unlawful for any person, partnership, or association to issue, sign, seal, or in any manner execute any policy of insurance or guaranty against loss by fire or lightning without authority expressly conferred by a charter of incorporation given according to law; and every such policy, contract, or guaranty hereafter made, executed, or issued shall be void." Accordingly, in his fourth point the defendant's counsel requested the court to instruct the jury that the alleged contract, if made, was void and afforded no basis for a recovery. The court refused the instruction saying: "I refuse that point. I refuse to instruct you that it was a contract of insurance and therefore void." In answer to another point raising the same question the court

said : "It is substantially the same question as suggested in the fourth point, and for the purposes of this case is refused."

These points should have been affirmed. The contract as set out in the plaintiff's narr. was a contract to place insurance upon the property of the plaintiff for the sum of $47,500 at rates agreed upon, " and to have the risk commence at 12 o'clock noon of the first day of September and cover all loss by fire in the premises insured." The testimony of James Walker, by whom proof of the alleged contract was made, is as follows : " I told Mr. Arrott that we wanted the insurance placed that day, and that we would like to have it placed at once. He said he would place the insurance that day at 12 o'clock noon. Your works will be covered for this amount at twelve o'clock."

According to the theory of the plaintiff, if a fire had occurred during the afternoon of September 1, before any policies had been obtained by Arrott, he would have been personally liable for the entire sum of $47,500 if the loss had been total, or for such proportionate part thereof as might be necessary to cover the loss sustained. If no companies could be found willing to carry the risk or any part of it, still, according to this theory, the plaintiff was nevertheless insured, for Arrott's undertaking was not that of an agent to obtain, if possible, the insurance from insurance companies, but to be personally liable for loss by fire from noon of September 1st. How it is possible to state a case more squarely within the prohibition of the act of Feb. 4, 1870, P. L. 14, it is not easy to see. The contract declared on is a contract to place $47,500 insurance upon the property, risk to commence at noon of September 1st, " and cover all loss by fire in the premises insured." Insured by whom ? Not by insurance companies, for this action is brought to recover several thousand dollars for which the defendant, after the exercise of a degree of diligence with which the plaintiff does not find fault, was unable to procure a policy in any company. The contract declared on is therefore a contract of insurance by the defendant. The testimony of James Walker is made use of to show a personal undertaking by the defendant. The plaintiff's counsel, in their second point, put their case upon this theory. They asked the court to charge " that if the jury find that the defendant agreed to place said

amount of insurance to cover the risk from twelve o'clock noon of September 1, 1884, he is bound by said agreement, and liable to the plaintiff for the loss resulting from its breach, and the fact that certain insurance companies refused the risk is no defence in law and affords the defendant no relief from an absolute undertaking to place the insurance." The court affirmed this point, and submitted to the jury the question whether the defendant did agree "to cover the risk from twelve o'clock, noon, of September 1, 1884," with the instruction that, if the defendant made such an agreement, "he was bound by it, and liable to the plaintiff for the loss resulting from the breach of it." There is no mistake, therefore, that the recovery in this case was upon a finding by the jury that Arrott had contracted to be liable for loss by fire up to the entire amount of the insurance agreed for. To say nothing upon the subject of consideration, it is clear that such a contract, if made, was a contract of insurance or guaranty against fire ; that it was made by a private person whose incompetency to make it both parties were bound to know, and that under the provisions of the act of Feb. 4, 1870, P. L. 14, it is absolutely void. As this is conclusive of the plaintiff's case it is not necessary to discuss the other assignments of error.

> The judgment entered in the court below is reversed.