## G. B. KRABER ET AL. v. UNION INSURANCE CO.

ERROR TO THE COURT OF COMMON PLEAS OF YORK COUNTY.

Argued May 24, 1889—Decided October 14, 1889.

1. An agent has no legal right to sit in judgment upon the wisdom or expediency of the instructions of his principal, and his failure to execute them with reasonable promptness and fidelity will render him liable to his principal in damages.

(a) An insurance company, by letter, instructed their agent having power to issue policies subject to approval, to cancel an insurance reported by him, on account of the rate at which the policy was issued, and to advise cancellation ; the agent replied that " it would be attended to."

2. The directions being in writing, their construction was for the court, and correspondence relating to prior risks taken was not admissible to relieve the agent from his neglect, where such correspondence did not establish a settled course of dealing between the parties.

3. Nor was the agent relieved from the consequences of his failure to obey the directions, by the fact that, after a fire which destroyed the insured property, and after his failure to cancel the policy came to the knowledge of the company, the latter received from the agent the premium upon the insurance.

Before STERRETT, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 28 January Term 1889, Sup. Ct.; court below, No. 75 January Term 1882, C. P.

On December 3, 1881, the Union Insurance Company of Philadelphia brought an action in case against Henry Kraber to recover damages for an alleged neglect of Kraber, who was an agent of the plaintiff, to cancel a policy of fire insurance issued by him, as he was instructed to do by the company.

At the trial on November 15, 1886, it was shown that Kraber became the agent of the plaintiff company in 1877. On June 27, 1881, as such agent, he issued a policy of insurance to Isaac Frazier on a steam saw-mill, the rate being two and one half per cent and the insurance to take effect on July 1st. On June 29th he reported this insurance to the company, and on June 30th the company wrote him the letter set forth in the opinion of the Supreme Court. Other facts as to this letter and the reply to it are stated in the opinion.

To meet the case of the plaintiff, the defendant offered in evidence certain daily and monthly reports of prior policies issued by him, and the correspondence between himself and the company relating thereto, in order to show that in a number of instances, positive instructions of the company to cancel policies had been withdrawn, on objections made by the defendant, and in one instance the insurance had been renewed after its term had expired.

Objected to by the plaintiff.

By the court: Offer refused; exception.[3]

At the close of the testimony the court, LATIMER, P. J., charged the jury, in part:

Negligence is the want of proper care, and may consist in doing something that ought not to be done, or in not doing something that should be done. In an agent, the omission to perform an act within the scope of the agency, which it is his duty to perform, either under the general scope of his authority or under instruction from the principal, is negligence. An agent is responsible to his principal for damages resulting from negligence in the performance of his duties as agent, unless the conduct of his principal has contributed to the result. This is what is called contributory negligence.

It is claimed in this case by the defendant, that he, the agent, had a right to wait a letter from the plaintiff company in reply to his letter of July 1, 1881, before obeying the order to cancel the policy; and that the company failing to reply to that letter, before the loss had occurred, contributed to produce the result, namely, the loss to the company by the burning of the thing insured. I cannot so instruct you. The plaintiff company had a right to rely on the statement in the defendant's letter of July 1, 1881, that their instruction to cancel would be attended to, and in the absence of a request to furnish explicit instructions, they were not bound to furnish any.

On the 7th of July the property insured was burned, and the loss was adjusted by Mr. Kraber. Whether he then acted in the adjustment as the agent of the company, or of Mr. Frazier, is in my judgment entirely immaterial. The company paid the amount, viz.: the sum of $512.10. On the undisputed facts of this case, it is apparent that the loss of this money to the company plaintiff was the proximate result of the defendant's negligence to cancel the policy. The failure to do so was excused by nothing that has been revealed in the case. He had a reasonable time in which to cancel. On the undisputed facts in this case, more than a reasonable time had elapsed at the date of the destruction of the insured property.

The defendant offered to show by correspondence between himself and the plaintiff, that in a number of instances, prior to the Frazier case, similar directions to cancel other policies had been sent to him, which on his representations and requests, had been subsequently allowed to remain in force; intending thus to show a course of dealing between the company

Charge of Court below.

and himself that excused him from prompt, compliance with its orders. As between principal and agent, I did not think that this could be done, and hence excluded the evidence. If the view I have taken in this case is correct, the defendant is liable to respond in damages to the plaintiff for the loss occasioned by the defendant's negligence, of which the measure is the money paid to Frazier by the plaintiff, with interest from the date of the payment. For that amount your verdict must be for the plaintiff.

Both plaintiff and defendant by their counsel have submitted certain points, embodying their view of the law of this case. I have written the answers to them, and I will read the points and the answers.

The plaintiff respectfully requests the court to charge the jury:

1. That it is the duty of an agent to faithfully and promptly execute the orders of his principal, and carry out his instructions; and if he fails to do so and risks the property of his principal, he thereby renders himself responsible to his principal for all losses and damages which are the natural consequence of his act.

2. That the letter of plaintiff to defendant dated June 30, 1881, is to be construed by the court, as well as all other writings in the case, and said letter is to be construed as containing a plain, positive, and unambiguous order and direction to cancel the policy No. 55,122 issued to Isaac Frazier, and to inform and advise plaintiff of its cancellation; and defendant by his letter of July 1, 1881, having acknowledged the receipt of said letter of plaintiff requesting cancellation, and having replied that it would be attended to, it therefore became the duty of the defendant to cancel policy No. 55,122; and having failed to do so for a period of seven or eight days thereafter, the defendant is guilty of negligence, and is liable for such damages as the plaintiff sustained, in consequence of his failure to cancel said policy.

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

Answer: I have fully answered all the plaintiff's points in the general charge, and it is therefore unnecessary to answer them now separately and in detail. They are affirmed except the second point which I answer as follows: The letter of

plaintiff to defendant dated June 30, 1881, is a sufficiently explicit instruction to cancel the policy as to make it the duty of the defendant to comply promptly; or, if in doubt, to immediately demand further and more specific instruction.[6]

The jury returned a verdict in favor of the plaintiff for $669.32. A rule for a new trial having been discharged, judgment was entered on the verdict. The defendant having died, his executors were substituted and then took this writ, assigning as error, inter alia:

3. The refusal of defendant's offer.[3]

6. The answer to the plaintiff's point.[6]

*Mr. N. M. Wanner* and *Mr. H. L. Fisher*, for the plaintiff in error.

*Mr. H. C. Niles* (with him *Mr. W. F. Bay Stewart* and *Mr. George E. Neff*), for the defendant in error.

OPINION, MR. JUSTICE WILLIAMS:

The proposition that an agent is bound to follow the instructions of his principal, is too elementary to require discussion. Where an agent is charged with the performance of some particular duty or the conduct of some undertaking, and is left without instructions as to the manner in which his work is to be done, he must exercise his own judgment in the premises, with good faith towards his principal: Porter v. Patterson, 15 Pa. 229; Conway v. Lewis, 120 Pa. 215. But when the principal gives instructions, they are binding on the agent and he must follow them. He has no legal right to sit in judgment on the wisdom or the expediency of the directions that are given him. His duty as agent is to execute the orders of his principal, with reasonable promptness and with fidelity.

The plaintiff in the court below is an insurance company. Kraber was a duly appointed agent, with authority to countersign and issue policies of insurance against fire, subject, however, to the approval of the company when his report came to their hands. On June 27, 1881, he executed and delivered to Isaac Frazier a policy of insurance upon his steam saw-mill at a premium of two and one half per cent, to take effect on the

first day of July. He reported this insurance to the company on the 29th of June, and on the next day the company sent him the following instructions: " Please relieve us of No. 55,122, Isaac Frazier. It is no doubt a good mill, but we cannot see any profits in steam saw-mills in this state, at the low rate you offer. The minimum rate offered is four per cent, and it is none too high. Advise cancellation." Kraber replied to this letter on the following day, July 1st, in these words: " Yours of yesterday is received desiring to have cancelled risk 55,122, Isaac Frazier; will be attended to ; " and proceeded in the same letter to complain at some length that the rates insisted on by the company were too high, and that other companies were offering to take the same or similar risks at lower rates. On or before the 7th of the same month the mill was burned. The company finding that their agent had not cancelled the policy, as directed, paid the amount of the loss as adjusted, viz., five hundred and twelve dollars .10, and brought this action against their agent to recover the amount from him.

There are three questions raised here : First. Was the construction of the letter of June 30, 1881, from the company to Kraber for the court or the jury? We agree with the learned judge of the court below, that the letter is not ambiguous, but is a plain direction to the agent to cancel the policy because the risk had been taken at too low rates, with the general direction that four per cent was the minimum rate at which such risks could be taken. It is quite clear that Kraber had just as little difficulty in understanding it when it came to his hands, for he replied, saying, that their letter " desiring to have cancelled risk 55,122, Isaac Frazier, will be attended to." It was not error therefore for the court to instruct the jury as to the meaning of the direction given by the company in the letter of June 30, 1881. The next question raised, is whether, if the construction of the letter be for the court, it was correctly interpreted. This is answered in answering the first question. It is because the meaning is plain and the letter free from ambiguity, that its construction is for the court, and the instruction given to the jury follows the plain and obvious meaning of the words employed.

The question mainly relied on by the plaintiff in error is the

third, which is raised by the third assignment.    A mass of correspondence between Kraber and the company was offered, for the purpose of showing a course of dealing between the parties such as to justify him in disregarding the order to cancel the policy issued to Frazier.    The court below looked into these letters to ascertain their import, and then rejected the offer. They relate to other risks placed by the agent in the course of his business.    They show an effort on the part of the company to maintain its schedule of rates, and one on the part of Kraber to get below it.    They show frequent and earnest remonstrances on behalf of the company, and frequent complaints by Kraber on the subject of rates.    Sometimes the company yielded a point to their agent, and sometimes they insisted on the cancellation of risks taken below their regular rates.    Regarded as a whole the correspondence shows no settled course of dealing, but a constant controversy over the rate at which risks should be carried, and could in no manner enlarge the powers of Kraber or relieve him from his duty to obey the plain directions of his principal.

The court below was right, therefore, in rejecting this offer. The correspondence did not sustain the purpose for which it was offered, and its admission could have no other effect than to confuse the jury.    The fact that the company received the premium from its agent, after the fire, and after the fact of his failure to cancel the policy came to its knowledge, does not relieve him.    His receipt of the premium was the receipt of the company.    When he was directed to return the money and cancel the policy, he did not do it.    His failure to do as he was directed, is the ground of his liability, and the loss suffered by his principal furnishes the proper measure of damages.

We see no error in the rulings of the court below, and
The judgment is therefore affirmed.