# Walker *v.* Black, Appellant.

*Contract—Negligence in performance of contract—Insurance broker.*

In an action against insurance brokers to recover damages for loss occasioned by their alleged negligence, it appeared that by some oversight either of the defendants, or of their agents, in New York, the policies contained a warranty not in accordance with the facts.  When the policies were received they were not examined immediately by defendants, and in the interim a fire took place.  The companies paid only half the amount of the loss.  The defense was that in previous years plaintiffs' plant had been insured under joint policies with other property of a firm closely connected with plaintiffs as to which property the warranty would have been good, and the list of policies furnished for the New York brokers did not clearly distinguish the properties on which it was now desired to have separate insurance.  Secondly, defendants claimed that even if they had examined the policies and observed the error at once on receipt, it would have been

unavailing as the fire occurred before the mistake could have been corrected. *Held*, that the case was for the jury and that a verdict and judgment for plaintiff should be sustained.

Argued Oct. 23, 1906. Appeal, No. 28, Oct. T., 1906, by defendant, from judgment of C. P. No. 2, Allegheny Co., July T., 1901, No. 799, on verdict for plaintiff in case of Walker, Stratman & Co. v. David P. Black, surviving partner of the firm of Black & Gloninger. Before Mitchell, C. J., Fell, Brown, Mestrezat, Elkin and Stewart, JJ. Affirmed.

Assumpsit for the negligent performance of a contract to place fire insurance. Before Frazer, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $5,916.94. Defendant appealed.

*Error assigned* among others was in refusing binding instructions for defendant.

*A. B. Reid*, with him *A. V. D. Watterson*, for appellant.

*W. B. Rodgers*, for appellee.

Per Curiam, January 7, 1907 :

Plaintiffs employed defendants as brokers to procure insurance upon plaintiffs' plant. Defendants finding it difficult to procure the amount in Pittsburg employed a firm of brokers in New York who obtained policies in foreign companies. By some oversight, either of defendants or the New York agents, the policies contained a warranty not in accordance with the facts, and when called upon to pay the companies refused on this ground. When the policies were received they were not examined immediately by defendants, and in the interim the fire took place.

The defense was that in previous years plaintiffs' plant had been insured under joint policies with other property of a firm closely connected with plaintiffs as to which property the warranty would have been good, and the list of policies furnished for the New York brokers did not clearly distinguish the properties on which it was now desired to have separate

insurance. Secondly, defendants claimed that even if they had examined the policies and observed the error at once on receipt, it would have been unavailing as the fire occurred before the mistake could have been corrected.

The issue thus raised was clearly one of fact, to wit: the negligence of defendants, and was for the jury.

Judgment affirmed.