## McDowell *v.* Covert & Johnson, Appellants.

*Insurance—Fire insurance—Executory contract—Parol contract to reinsure—Evidence.*

An executory contract of insurance in the future may be valid and binding, but the testimony to establish it must show clearly the subject-matter of the insurance, the amount and elements of the risk, including its duration in point of time, extent in point of hazard assumed, the rate of premium, and generally all the circumstances which are peculiar to the contract, and distinguish it from every other, so that nothing remains to be done but to fill up the policy and deliver it on the one hand and pay the premium on the other.

Where an action is brought against insurance agents for the breach of an alleged oral agreement to renew insurance, and it appears that in the conversation relied on, no amount was named for the new policy, its terms were not given, the goods to be included were not mentioned or the amount of the premium, and the rate to be charged, the plaintiff must be held to have failed to establish his contract, and a verdict should have been directed in favor of the defendants.

Argued April 14, 1919.   Appeal, No. 96, April T., 1919, by defendant, from judgment of C. P. Mercer Co., April T., 1914, No. 18, on verdict for plaintiff in case of R. H. McDowell v. C. C. Covert and L. A. Johnson, doing business as Covert & Johnson.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ. Reversed.

Assumpsit on a parol agreement of insurance.   Before REBER, P. J., specially presiding.

The facts appear in the opinion of the Superior Court.

Verdict for plaintiff for $700 and judgment thereon. Defendant appealed.

*Errors assigned,* among others, were various rulings on evidence and refusal of defendants' points as quoted in the opinion of the Superior Court.

*W. H. Whieldon,* and with him *H. K. Dougherty,* for appellants, cited: Benner v. Fire Association of Philadelphia, 229 Pa. 75; Etter v. St. Paul Fire and Marine Insurance Company, 54 Pa. Superior Ct. 187; Keystone Mat. and Spring Bed Co. v. Pittsburgh Underwriters of Pa., 21 Pa. Superior Ct. 38; Ripka v. Mutual Fire Insurance Co., 36 Pa. Superior Ct. 517.

*J. R. W. Baker,* and with him *Stranahan & Sampson,* for appellee.

OPINION BY ORLADY, P. J., October 13, 1919:

This action in trespass was brought against the defendants to recover for their neglect and failure to renew policies of insurance on property owned by the plaintiff. The controlling facts are free from dispute. The plaintiff owned a livery stable in which he kept horses, vehicles, harness, carriages, feed, etc.

On May 7, 1912, Covert & Johnson, who were conducting an insurance office as agents for a number of companies, issued a policy, in the Camden Fire Insurance Association, to McDowell in the sum of $700 for the term of one year from that date, to protect him against loss or damage by fire on the property specified. The policy was delivered to the plaintiff when issued and remained continuously in his hands until October 28, 1913, when a fire occurred, and the property covered by the policy was destroyed.

On the trial it developed, without material contradiction, that at the time the policy was issued a conversation

was had between Covert and McDowell, and later between Johnson and McDowell, in which McDowell stated, "I wanted them to write up a policy for $700, and keep it wrote up and in effect; that our previous dealings had been very satisfactory, and that I would leave my insurance in their hands, and when it expired to renew it and keep it in effect, and they answered, all right, you can depend on us to do it."

The manner of payment of the premium was indicated in the following: "McDowell said, 'Shall I settle for that now?' and he (Covert) said, 'No, that's all right; we need livery hire right along, and that will be all right.' 'Then I said, "That's all right, if you are satisfied with it; you look after my insurance, and I will hire livery horses to you as you need them,"' and he said, 'all right; we need livery hire and the livery hire is just as good to us as the money.'" The renewal of the premium was to go just the same as that one. At the time the policy was delivered by Covert to McDowell at the insured barn, McDowell stated, "When this expires I will look to you to look after it and renew it," and he said, "You can depend on us." The policy expired on May 7, 1913, and was not renewed. No notice or request was given by McDowell to the agents to renew it, and the agents took no action in regard to it.

Taking these conversations in their most favorable light, there was lacking several essential items in order to warrant a recovery. In this action, no amount was named for the new policy, its terms were not given, the goods to be included were not mentioned, the amount of the premium was not stated, the rate was not given, or the company named.

It was held, in Keystone Mattress & Spring Bed Company v. Pittsburgh Underwriters of Penna., 21 Pa. Superior Ct. 38, "To constitute a verbal contract of insurance the minds of the parties must have met upon all the essentials of the contract, the testimony must make clear the subject-matter of insurance, the amount and limits

of the risk, including its duration in point of time, and extent in point of hazard assumed, the rate of premium, and generally all the circumstances which are peculiar to the contract, and distinguish it from every other so that nothing remains to be done but to fill up the policy and deliver it on the one hand and pay the premium on the other. A recovery upon such a contract cannot be sustained where the testimony is silent as to the rate or premium and the period of time during which the insurance was to continue." And in Benner v. Fire Association, 229 Pa. 75, "Where the evidence to establish the contract is vague, amounting to no more than a conversation on the street between plaintiff and defendant company's agent as to renewing another insurance, with no money passing, no memorandum being made and no definite promise on either side, the evidence is lacking in details essential to show a contract to insure in the future." See also Ripka v. Mutual Fire Insurance Co., 36 Pa. Superior Ct. 517; Etter v. St. Paul Fire & Marine Insurance Co., 54 Pa. Superior Ct. 187.

On the trial the defendants presented points as follows: 1st. "That the agreement of defendants under all the testimony in this case was an undertaking to perform an executory contract, and the breach of the same was a mere nudum pactum, and without consideration so far as the defendants in this case are concerned, and is not enforceable in law." 2d. "The terms of the contract relied on in this case have not been sufficiently proven as to its terms and conditions as to establish a binding contract between the plaintiff and defendants, and therefore the defendants are not liable in this case." These points were refused, and not read to the jury, which action by the court is now assigned for error.

It further appears that when the policy expired on May 6, 1913, the premium due was $15.75, and the defendants owed the plaintiff about $30 on two livery bills that were charged against them as individuals and not as a partnership. Other questions were urged, which, in the

view we take of the questions involved, are not material, and we feel that the validity of this verdict depends upon the disposition by the court of the plaintiff's first and second points. It must be kept in mind that this action is against the agents, and not against the company. While they were authorized to issue policies, it does not appear that they were authorized to issue renewals in this, or any other company; and in accounting with their companies, the amount of their share of the premiums was to be determined after a settlement of their accounts as agents with their principal. The livery accounts between McDowell and the individual members of the firm of Covert & Johnson could not be considered as a payment of a renewal policy of insurance in any company without notice to that company.

Stripped of all irrelevant matters, the talks with Covert & Johnson amounted to no more than merely a promise on the part of the agents to renew insurance, for which there was no consideration to sustain it and which was overlooked by them. On the undisputed facts it was only a case of nonfeasance for which there can be no recovery. The failure to perform a promise for which no consideration is made, and which is purely a volunteer undertaking, is not ground for an action: New York Tarter Company v. French, 154 Pa. 273.

On the theory on which the case was tried in the court below, it was fairly submitted to the jury and resulted in a verdict in the plaintiff's favor, but for the reasons above given, we are obliged to sustain the appellant's contention, and hold that the defendants' points, which were refused, as above quoted, should have been sustained and a verdict directed in their favor.

The judgment is reversed.