## Yeazel, Appellant, *v.* C. Trevor Dunham, Inc.

*Contracts—Contracts to procure insurance—Automobiles—Non suit—Evidence.*

In an action of assumpsit to recover damages for a breach of a contract to procure insurance on an automobile against theft, it appeared that the defendant (a finance corporation) certified that it had insured the automobile. It further appeared that the only policy ever furnished under the contract was one given to the plaintiff sixty days after the loss, which was a specimen policy issued but not executed by an insurance company. It also appeared that the policy provided for payment only of the actual value of the car, contrary to the agreement between plaintiff and defendant, and that plaintiff was led to believe the car was covered by a blanket policy held by defendant on a number of cars.

Under such circumstances, the case was for the jury and it was error for the court to enter a non suit.

Argued October 30, 1925. Appeal No. 191, October T., 1925, by plaintiff, from judgment of C. P. No. 1, Philadelphia County, June T., 1922, No. 8719, in the case of Lloyd H. Yeazel v. C. Trevor Dunham, Inc. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Assumpsit to recover damages for the breach of a contract to obtain insurance.    Before BARTLETT, P. J.

The facts are stated in the opinion of the Superior Court.

The court  entered a judgment of non suit.  Plaintiff appealed.

*Error assigned* was the refusal of plaintiff's motion to take off judgment of non suit.

*Paul Reilly,* for appellant.

*Franklin E. Barr,* for appellee.

OPINION BY TREXLER, J., February 26, 1926:

The plaintiff on May 19, 1921, purchased a new automobile, and being unable to pay the full purchase price of $3,050, arranged with C. Trevor Dunham, Inc., that it should finance the transaction.  The amount of $1,082.75 with interest and incidental charges which the company advanced was all repaid and the plaintiff became the sole owner of the automobile.  At the time that the transaction took place, the defendant company gave the plaintiff a certificate containing the following: "This certifies that in consideration of premium provided we have obtained insurance for the benefit of the undersigned and the purchaser of the automobile as noted herein against loss and damage by fire and theft as respects pleasure type automobile OR fire, theft, and collision damage sustained as respects commercial type automobile, under and subject to the condition of open policy for a period of one year."  Preceding this was a schedule showing the number of the certificate, character of the vehicle, time when the insurance began, May 19, 1921, a description of the automobile, serial and motor numbers, the price, valued form, less 1¾% per month.  The name of no insurance company ap-

peared.  On May 2, 1922, the plaintiff's automobile was stolen and defendant company was promptly notified.  The defendant then furnished a blank form of claim for loss, which was signed by the plaintiff and left with defendant.  The form contained the name of no insurance company, the reason assigned for this omission was that the defendant company did not have knowledge of the exact name of the company under which the car was insured, for it was under a blanket policy.  On the 28th day of July, 1922, or sixty days after the loss had occurred, the defendant company furnished to the appellant an insurance policy issued by the Royal Insurance Company of Liverpool.  This had the name "specimen" printed on it, was not countersigned by the company agent, and provided for the payment of the actual value of the machine.  After the plaintiff had presented these facts, the lower court entered a non-suit, holding that when this policy was received it was the plaintiff's duty to ascertain whether it was an enforceable, valid policy, and whether or not the company had received notice under this policy.  This we think was error.  The engagement of the defendant was to secure an insurance policy, and the insurance to be procured was to be of a kind and quantity to conform with the application.  The application provided that the insurance should be for the value of the machine, $3,050, subject to deduction of 1¾% per month.  The loss under the policy which was delivered to the plaintiff was limited to the actual value of the machine.  The policy was not offered to the plaintiff for more than sixty days after the loss occurred.  The applicant had every reason to believe that the open policy referred to in his application was a blanket policy, covering a number of cars upon which the defendant company had claims.  The policy that was tendered was a specimen copy, was not countersigned by the agent, and therefore under its provisions

was not valid. It was issued to the First Peoples' Trust Company and Lloyd H. Yeazel. Yeazel never had any dealings with that company. It was not shown that the plaintiff or his counsel was required to accept this policy as a compliance with the contract of the defendant to procure insurance of a certain kind. There may be a question for the jury to decide, after both sides are heard, but certainly the court could not hold that after the plaintiff's presentation of his case, there was not sufficient testimony to warrant a recovery. As stated before, the defendants engaged to procure insurance of a certain kind. They apparently failed to do so. Was it the plaintiff's duty to take something he had not bargained for?

The assignments of error are overruled and the judgment is reversed with a venire.