Aresto *v.* Milie, Appellant.

Argued April 11, 1957. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Robert W. Smith,* with him *Smith, Best & Horn,* for appellant.

*Fred B. Trescher,* with him *Kunkle & Trescher,* for appellees.

OPINION BY WRIGHT, J., June 11, 1957:

Pete and Olive Aresto, husband and wife, instituted an action in assumpsit against Thomas Milie and the National-Ben Franklin Fire Insurance Company seeking to recover for the destruction by fire of a frame dwelling situated on the rear portion of premises at 1280-1284 Fourth Avenue in the City of New Kensington. The defendants filed an answer containing new matter, to which plaintiffs replied. At the trial a compulsory nonsuit was entered as to the National-Ben Franklin Fire Insurance Company, and the jury returned a verdict in the sum of $2,200.00[1] against Thomas Milie. Motions for a new trial and for judgment n.o.v. were overruled by the court en banc, and the prothonotary was directed to enter judgment on the verdict. Thomas Milie has appealed.

---

[1] It was stipulated and agreed that this was the amount of the "loss and damages".

Viewed in the light most favorable to appellees, *Straiton v. Rosinsky*, 183 Pa. Superior Ct. 545, 133 A. 2d 257, the record discloses that they purchased the premises in question on April 15, 1950. On the property were two structures, a two-story brick building in front and a frame dwelling in the rear. At the time of purchase the property was subject to a mortgage in favor of the Vandergrift Building and Loan Association, of which Thomas Milie was secretary. Coincident with the transfer of title, there were assigned to appellees two policies of fire insurance, one in the amount of $16,000.00 covering the brick building, and the other in the amount of $4,000.00 covering the frame dwelling. These policies had been written by an insurance agent named Alter. Endorsements naming appellees as the owners were secured from Alter by the then attorney for appellees, and were forwarded by him to Milie, who was also an insurance agent. Appellees requested Milie to place fire insurance on the brick building in the amount of $12,000.00, and on the frame dwelling in the amount of $4,000.00. Milie agreed to do so. Instead of complying with this agreement, Milie wrote a policy in amount of $16,000.00 covering only the brick building. The insurer was the Firemen's Insurance Company of Newark, New Jersey. Appellees gave Milie a check in the amount of $216.00, and received from him a receipt for "insurance on mercantile and building". Milie later informed appellees that there was an additional premium due in the amount of $105.60. Appellees told Milie that they could not afford so much insurance, and requested him to reduce the amount of insurance on the brick building to $8,000.00 and continue the $4,000.00 on the frame dwelling. Milie thereupon canceled the $16,000.00 policy at short term rates, and wrote a new policy in the National-Ben Franklin Fire Insurance Company in the amount of $8,000.00

covering only the brick building. At that time he collected an additional premium of $18.24. On September 12, 1952, the frame dwelling was destroyed by fire. Appellees notified Milie of the fire and were informed by him that there was "nothing to worry about, got insurance". After a visit some months later from an insurance adjuster, during which they learned for the first time that there was no insurance on the frame dwelling, appellees again went to see Milie, and were told "we protect ourselves, not the other fellow". Appellees had not seen the policy or policies as Milie had informed them that the insurance papers must be retained by him as secretary of the building and loan association.

Appellant's first contention is "The contract sued on was an executory contract without consideration, and lacked certain essentials necessary to constitute it a binding contract on the defendant, Thomas Milie". Reliance is placed upon *McDowell v. Covert & Johnson*, 73 Pa. Superior Ct. 4, and *Keystone Mattress & Spring Bed Co. v. Pittsburgh Underwriters of Pennsylvania*, 21 Pa. Superior Ct. 38. The *McDowell* case involved a suit against insurance agents upon an alleged parol contract to keep a policy of fire insurance renewed. It was held that the evidence disclosed "merely a promise on the part of the agents to renew insurance, for which there was no consideration". The *Keystone* case involved a suit against a fire insurance company upon a parol contract allegedly made by its agent. It was held that the minds of the parties had not met "upon all the essentials of the contract". These decisions do not bar recovery in the instant case. Appellant here was fully acquainted with appellees' property. He fixed the rate, computed the premium, and received payment from appellees under the belief by them that the insurance was properly written. In no way did the

contract remain executory, or lack essentials and consideration. Our decisions have consistently held the agent liable under similar circumstances. In *Luther v. Coal Operators Casualty Co.*, 379 Pa. 113, 108 A. 2d 691, Mr. Chief Justice STERN said that "it is the law that where an insurance agent or broker promises, or gives some affirmative assurance, that he will procure or renew a policy of insurance under such circumstances as to lull the 'insured' into the belief that such insurance has been effected, the law will impose upon the broker or agent the obligation to perform the duty he has thus assumed". Thus in *Zortman v. Volk*, 97 Pa. Superior Ct. 137, it was held that one who agrees to obtain insurance and neglects to fulfill his obligation becomes personally liable. See also *Yeazel v. Dunham, Inc.*, 88 Pa. Superior Ct. 187. Similarly, where the agent makes a representation in excess of his authority, he may be held personally liable: *Kroeger v. Pitcairn*, 101 Pa. 311.[2] The question of the agent's personal liability for negligent performance of a contract to place fire insurance is for the jury: *Walker v. Black*, 216 Pa. 395, 65 A. 799.

Appellant's second contention is: "Since there was no promise on the part of Thomas Milie to write the fire insurance in question in any company, the parol contract sued upon was void". His argument in this connection is based upon Section 107 of the Act of May 17, 1921, P. L. 682, 40 P.S. 367, which provides that "the doing of any insurance business in this Commonwealth . . . by any private individual . . . is prohibited". Reliance is placed upon *Arrott v. Walker*, 118 Pa. 249, 12 A. 280, decided under the Act of February 4, 1870,

---

[2] Where a loss is paid because of the agent's failure to comply with instructions to cancel the policy, the agent is liable to the company for the amount of the loss. See *Kraber v. Union Insurance Co.*, 129 Pa. 8, 18 A. 491.

P. L. 14, which contained a similar provision. In that case recovery was not allowed because it was plaintiff's theory that the contract was an undertaking on the part of the agent to himself become an insurer. The Supreme Court pointed out, however: "If it was an undertaking by an insurance agent to procure insurance for his customer . . . he was bound to the exercise of diligence and good faith in his effort to procure insurance to the promised amount". In the case at bar there was no allegation of, nor did the evidence tend to prove, an independent undertaking on appellant's part to insure the property as an individual.

Appellant's final contention is: "The contract sued on in this case was not supported by the testimony produced at the trial, and counsel for the plaintiffs so admitted at the conclusion of their case". This contention is simply not in accord with the record. The admission of counsel related solely to the corporate defendant. On the question of the liability of the individual defendant, the testimony was conflicting, and it was the province of the jury to determine the issue. See *Walker v. Black,* supra, 216 Pa. 395, 65 A. 799. In the words of Judge BAUER for the court en banc, "It was just a question of fact which was fairly submitted to the jury by the trial judge. There were no exceptions taken by either side to the charge of the court. Under these circumstances, it seems to us that it is merely a question of whether the plaintiffs' or the defendant's version of the facts was to be accepted by the jury".

Judgment affirmed.