[No. 3775.]

## ROSE TOMPKINS v. W. W. CRANE, Jr.

EVIDENCE OF DECLARATIONS.—Under the provisions of section 1849 of the Code of Civil Procedure, permitting the declarations of a former owner to be given in evidence against one claiming under him, a deed of such former owner of a large tract of land, excepting from its provisions the demanded premises, with the declaration therein that such demanded premises had been previously sold to a third party, cannot be received in evidence in ejectment to show the title of such third party.

IDEM.—Under said section, the declarations received in evidence must be made concerning the property conveyed, and while the declarant still owned it.

APPEAL from the District Court, Third Judicial District, City and County of San Francisco.

Ejectment to recover an undivided one-fourth of a block of land, being block 31, in the town of Brooklyn, county of Alameda. Antonio and Ignacio Peralta, claimants of a portion of the San Antonio Rancho, in June, 1852, entered into a contract with the law firm of Jones, Tompkins & Strode, to the effect that said firm should procure a confirmation of said ranch by the United States authorities, and that if they did so and ejected the squatters, they were to receive a thousand varas square of the land occupied by Robert and William Patten. The Pattens had from the Peraltas a lease of eight years, of one thousand varas square, and the law firm were to respect this lease. Both parties claimed under Peralta. The plaintiff claimed as heir of Tompkins, one of the law firm above mentioned, and the defendant claimed under Jones and Strode, the other members of said firm. The defendant claimed that there had been a partition, by which each one of the several owners had received his portion in severalty; and that under this partition he owned the entire block. In the course of the trial, when the contract of the Peraltas with the law firm had been received in evidence, the defendant took the ground that the plaintiff's alleged title was only an equitable one, and that she could not maintain ejectment. The plaintiff then offered in evidence a deed given by Antonio M. Peralta, one of the con-

tracting parties with the law firm, dated February 2, 1853, by which he conveyed to Charles B. Strode, of said law firm, six thousand acres of land, which included said one thousand varas, and which deed contained the clause contained in the opinion. The plaintiff contended that the clause "heretofore sold to Jones, Tompkins & Strode" was evidence that Peralta had actually sold and conveyed to them, and that the title no longer rested in contract, and that, as the defendant claimed under Peralta, he could not contradict the declaration of Peralta inserted in this deed. The defendant objected to its reception in evidence, but the court overruled the objection

The plaintiff had judgment and the defendant appealed.

*W. W. Crane, Jr.,* in person.

*E. W. McGraw,* for the Respondent.

By the COURT:

At the trial, the plaintiff offered in evidence the deed from Antonio Maria Peralta to Charles B. Strode, which is set forth in the bill of exceptions. The defendant objected to the introduction of the deed, on the ground that it was incompetent, immaterial and irrelevant to any issue in the case. The court below overruled the objections, and defendant duly excepted.

Respondent claims that the deed was admissible (under section 1849 of the Code of Civil Procedure), because of the clause therein: "Excepting the tract of one thousand varas square, occupied by Patten, heretofore sold to Jones, Tompkins & Strode, as lawyers."

The section of the Code of Civil Procedure relied on is as follows: "When, however, one derives title to real property from another, the declaration, act or omission of the latter while holding the title in relation to the property is evidence against the former."

Admitting, for the purposes of the argument, that this section of the Code is to have a larger effect than the rule of the common law as to the acts or declarations of one in

possession in disparagement of his title, the deed objected to was not admissible in evidence.

The land in possession of Patten, and alleged to have been sold to Jones, Tompkins & Strode, was clearly excluded from and constituted no portion of the land conveyed by the deed. This effect would be given to the exception without reference to the section of the Code. But by the terms of the section the "declarations, acts and omissions" of the grantor, which are made evidence against the grantee, must be declarations, acts or omissions in relation to the real property conveyed. If it be said that the declaration had relation to the tract sold to Jones, Tompkins & Strode, and proved that sale and a prior conveyance, then the declaration was not made while the declarant held the title.

Judgment and order denying new trial reversed, and cause remanded for a new trial.