## SPERRY *v.* WESCO.

[S.C. 38 Pac. 623.]

1. EVIDENCE OF DECLARATIONS AGAINST INTEREST BY GRANTOR—CODE, § 685. —Declarations in relation to real property made by the owner while in possession are competent evidence against such owner's grantee in order to show the title and location of the premises owned by him at the time of the declarations; therefore, where an owner of two adjoining tracts, while in possession and holding title, deeds one of them, the description in such deed is admissible in an action against such owner's grantee to show the location of the boundary line of the tract that was retained.

2. SECONDARY EVIDENCE—LOST INSTRUMENT*—CODE, § 691.—Testimony by one of the parties to an instrument, and in whose possession it had been, that she had searched in several places where she thought it might probably be, but had not been able to find it, and believed it to be lost, is sufficient to justify the admission of secondary evidence of its contents under the provisions of subdivision 2 of section 691, Hill's Code: *Wiseman* v. *Northern Pacific Railroad Company*, 20 Or. 425, cited and approved.

3. EVIDENCE OF IDENTITY OF LOST INSTRUMENTS.—Where a witness testified by deposition that a certain plat, which was lost, was drawn on a certain kind of colored paper, and was identical with another plat drawn on paper of the same kind and color, the latter plat is competent evidence to be considered by the jury in determining whether this latter plat is the duplicate of the lost original, although neither plat was before the witness when the deposition was taken.

4. PAROL EVIDENCE—AMBIGUITY IN DEED—MONUMENTS.—Where the monuments of the original survey of a townsite are destroyed, and the description on the plat reads a certain number of "links," while the scale on which it is drawn shows the same distance to be "feet," there is a

·*A useful collection of authorities showing where secondary evidence of the contents of writings may be introduced will be found attached to the case of *Wiseman* v. *Northern Pacific Railroad Company*, 23 Am. St. Rep. 140.

latent ambiguity in the description, and parol evidence is admissible to show the real facts: *Kanne* v. *Otty*, 25 Or. 531, cited and approved.

5. PRACTICE ON APPEAL — WEIGHT OF EVIDENCE — PROVINCE OF JURY.— It is the province of the jury to determine questions of fact, and where they have decided, under proper instructions from the court, the supreme court cannot disturb the judgment because it might have reached a different conclusion from the testimony.*

APPEAL from Multnomah: E. D. SHATTUCK, Judge.

This is an action by J. L. Sperry against John A. Wesco to recover the possession of certain real property. The facts are that Gideon Tibbetts and wife, having obtained a donation of land from the United States, conveyed to one Lewis Love an undivided one half of fifty-six acres thereof in sections ten and eleven, township one south of range one east of the Willamette Meridian, in Multnomah County, Oregon; that one Israel Mitchel, county surveyor of said county, in October, eighteen hundred and fifty-seven, surveyed and platted a portion of said fifty-six acres as a townsite for Tibbetts and Love, which, by mistake, and contrary to the wishes and intentions of the proprietors, he called "The Village of Brookland," but by the direction of the proprietors he shortly thereafter made another plat of said survey, identical in every particular with the plat of Brookland, and designated it as a plat of "Brooklyn." Both plats were used for the purpose of designating and locating the lots, blocks, and streets surveyed within the townsite, but in all deeds made by the proprietors to such lots and blocks they were described as being situated in the town of Brooklyn. Tibbetts and Love and their wives on —— fifteenth, eighteen hundred and fifty-eight, conveyed to W. D. Hare and D. W. Lichtenthaler lots one,

*This rule of practice has been repeatedly laid down in equity cases: *Ashley* v. *Williams*, 17 Or. 441; *Lovejoy* v. *Chapman*, 23 Or. 575; *Hummel* v. *Friese*, 24 Or. 586; *Büchtel* v. *Bode*, 24 Or. 578; *Bruce* v. *Phœnix Insurance Company*, 24 Or. 486. See also the following recent decisions by this court of criminal and law actions: *Hardwick* v. *State Insurance Company*, 23 Or. 291; *State* v. *Foot You*, 24 Or. 62.— REPORTER.

two, and three in block eight in said town of Brooklyn, and the plaintiff, on October fifteenth, eighteen hundred and ninety, obtained by mesne conveyances all the title Hare and Lichtenthaler had therein.    The defendant's grantors, J. W. Kern and Sarah M. Kern, his wife, having obtained the title to many of the lots and blocks in the town of Brooklyn, procured from Tibbetts the plat styled "Village of Brookland," which had not been acknowledged by either of the proprietors of said townsite, and caused it to be copied into the records of deeds of said county, and Tibbetts and wife, on July thirtieth, eighteen hundred and seventy, undertook to acknowledge the execution of said plat, and caused their acknowledgment thereof to be recorded in like manner.    Tibbetts and wife, on January thirtieth, eighteen hundred and seventy-two, and Love and wife on November twenty-third of that year, conveyed to said Sarah M. Kern all their interest in said fifty-six-acre tract lying west of a line thirty feet west of blocks four, seven, fourteen, and seventeen in the town of Brooklyn.    J. W. Kern and wife, without having procured the vacation of the streets and alleys dedicated by the original proprietors, caused to be surveyed a portion of the premises conveyed to them by Tibbetts and Love, and recorded a plat thereof, styled "Kern's Addition to the City of East Portland," in which the blocks were designated by letters, and which materially altered the location of the streets, lots, and blocks in the town of Brooklyn.    Kern and wife, on December twenty-eighth, eighteen hundred and eighty-seven, conveyed to the defendant the north half of block E in Kern's said addition, which embraces the premises in controversy.    One Isaac Voet, having a title to lot four in block eight in the town of Brooklyn, built a barn, the greater part of which was situated upon lot three in said block, and the defendant having acquired by mesne conveyances what title Voet had to lot four, re-

moved said barn after it had been standing where Voet placed it about twenty years. The plaintiff alleges that he is the owner in fee simple and entitled to the possession of the premises in controversy, which are described by metes and bounds, and also as the north ninety-five feet of lots one, two, and three of block eight in the town of Brookland (or Brooklyn) in said county, and that the defendant wrongfully withholds the possession thereof. The defendant denies these allegations, and alleges title to the premises by adverse possession, which is denied in the reply. The cause being at issue, was tried before the court and a jury, resulting in a verdict and judgment for the plaintiff, from which defendant appeals.

AFFIRMED.

For appellant there was a brief by *Messrs. Cleland & Cleland* and *Robert C. Wright*, and an oral argument by *Messrs. Wright* and *John B. Cleland*.

For respondent there was a brief by *Messrs. Hume & Hall* and *William E. Showers*, and an oral argument by *Mr. John H. Hall*.

Opinion by MR. JUSTICE MOORE.

The plaintiff, having by mesne conveyances from the United States established his title to lots one, two, and three of block eight in the town of Brooklyn, to identify the land in controversy offered in evidence over the defendant's objection a certified copy and also the original plat of the "Village of Brookland." It appeared from this plat that the initial point of the survey of the townsite commenced at the northwest corner of block one, three hundred and five *links* west and thirty feet south of the corner to sections two, three, ten, and eleven in township one south of range one east of the Willamette Me-

ridian, while the premises in controversy were surveyed from an initial point three hundred and five *feet* west and thirty feet south of said corner, thus making a difference of one hundred and three and seven tenths feet in the initial points. There was no evidence offered to prove that any of the monuments of the original survey of the townsite existed upon the ground, and the plaintiff, to fix the initial point of said survey at three hundred and five *feet* instead of three hundred and five *links* west of said corner, was permitted to offer in evidence over the defendant's objection two deeds executed by J. W. Kern and wife, defendant's grantors, to land adjoining said townsite on the south. The first deed, dated January thirtieth, eighteen hundred and seventy-two, conveyed to H. J. Stevenson the following premises: "Commencing at low-water mark on the Willamette River, west of the southwest corner of block nineteen in said town of Brooklyn, running thence east to a stake thirty feet east of block eighteen; thence south to the south line of a certain piece of land sold by Gideon Tibbetts to Lewis Love, and recorded at page five hundred and one in book 'A,' records of said deeds; thence west along said line to the Willamette River; thence northerly along the meanderings of said river to the place of beginning." The second, dated May thirty-first, eighteen hundred and seventy-seven, conveyed to Anna M. Woodward all the grantors' interest in the following tract: "Beginning at a point in the south side line of a tract of land containing fifty-six acres, an undivided half of which was conveyed by said Tibbetts and wife to Lewis Love by deed dated October, eighteen hundred and fifty-seven, and recorded at page five hundred and one of book 'A' of deeds of said Multnomah County records. Said point is twelve hundred and twenty-two and one third feet south and four hundred and forty-five feet east of the northwest corner of said section eleven; thence north one hundred and sixty-

four and one third feet to a point; thence west four hundred and seventy feet to low-water mark on the Willamette River; thence south sixteen degrees east, tracing low-water line on said river one hundred and seventy-one feet to the southwest corner of said fifty-six-acre tract; thence east, tracing the south side line of said fifty-six-acre tract, four hundred and twenty-three feet to the place of beginning; the foregoing described property being the same land described in a deed made by the parties of the first part hereto to H. J. Stevenson, and dated the thirtieth day of January, eighteen hundred and seventy-two, and recorded in book 'S' of deeds of said Multnomah County records at page thirty-eight." The deed from Tibbetts and wife to Sarah M. Kern describes a part of the east boundary of the tract conveyed to her as a line lying thirty feet west of blocks four, seven, fourteen, and seventeen in the town of Brooklyn, by the acceptance of which, and filing it for record, the grantee therein has admitted the existence of said townsite. The deed from Sarah M. Kern and husband to Stevenson located the north line of the tract conveyed to him upon the south line of blocks eighteen and nineteen in said town, thus recognizing the existence of said townsite, and in their deed to Anna M. Woodward they made the south line of blocks eighteen and nineteen a boundary of the land conveyed, and also represented the southeast corner of said block eighteen to be at a given distance from said section corner. These admissions and dedications were made while Sarah M. Kern was holding the alleged title to the tract conveyed to the defendant, but they related to property lying outside of that portion of the townsite conveyed to her by Tibbetts and wife, and the question is presented whether they are admissible in evidence to locate the premises in controversy and thus defeat the defendant's title.

1. Section 685, Hill's Code, provides that: "Where,

however, one derives title to real property from another, the declaration, act, or omission of the latter, while holding the title, in relation to the property, is evidence against the former." The defendant's counsel have cited the case of *Tompkins* v. *Crane*, 50 Cal. 478, in which it was held, under a statute almost identical with the foregoing, that a deed describing certain premises, but excepting a smaller tract thereof from the operation of the grant, which the deed recited had been sold to Jones, Tompkins & Strode by the grantor, was inadmissible in evidence to prove a title in said persons to the smaller tract, because the declaration of the grantor did not relate to the property described in the excepted tract; and from this authority it is contended that the admission or declaration of Sarah M. Kern and her husband related to the exterior lands of the tract conveyed to them by Tibbetts and wife, and not to any of the property situated within such boundaries, and hence not binding upon the defendant. In the case cited the deed did not purport to convey any of the property then in controversy, and the declaration was not made while the grantor was holding, but after he had conveyed, the title. The court there said: "If it be said that the declaration had relation to the tract sold to Jones, Tompkins & Strode, and proved that sale and a prior conveyance, then the declaration was not made while the declarent held the title." The existence and location of the townsite of Brooklyn were the facts sought to be established by the admission and declarations of defendant's grantors made by them when they held the title to the tract conveyed to him. Any declaration made by them in relation to the property within the townsite of which the *locus in quo* formed a part was admissible in evidence as tending to limit and qualify the estate, title, extent, and location of the premises owned by them therein. If the grantors,

26 Or.—62.

after having made several conveyances of property in that portion of the town of Brooklyn owned by them, had conveyed all their remaining interest therein, without particularly describing it, no one will seriously contend that the deeds formerly made would be inadmissible in evidence to limit the extent of the premises granted in the latter deed. So in the case at bar, while the defendant's grantors held the title to the premises within the boundaries of the tract conveyed to them by Tibbetts and wife, they admitted the existence of the town of Brooklyn, and the location of the blocks therein which bounded their premises on the east and south; and these admissions necessarily related to the property in controversy, and tended to limit the location thereof, and their estate therein, and were admissible in evidence, and it was for the jury to say as a question of fact whether this evidence established the existence and location of any portion of the townsite of Brooklyn. It was not necessary to prove that defendant's grantors had any interest in or held the title to the premises conveyed to Stevenson or Anna M. Woodward, because it was not sought to make their declarations applicable to that tract of land. If the defendant's grantors, while holding or claiming to hold the title to the premises in controversy, had said that the tract conveyed to them by Tibbetts and wife was bounded on the east by blocks four, seven, fourteen, and seventeen in the town of Brooklyn; that the southeast corner of block eighteen in said town was located at a given distance from the northwest corner of said section eleven; and that the south line of blocks eighteen and nineteen was situated a given distance south of the section line, will any one contend that such declarations would not be admissible as tending to establish the location of some of the blocks in said town? And if such declarations, orally made by such grantors, would be admissible in evidence can they be less reliable when

contained in their deeds? "That such declarations of the grantor," says FIELD, J., in *Stanley* v. *Green*, 12 Cal. 163, "are admissible not only as against himself, but against parties claiming under him, is a familiar principle. The subsequent claimants are considered as standing in his place, and as having taken the title *cum onere*, subject to the same charges and restrictions which attached to it in his hands. It matters not whether the declarations relate to the limits of the party's own premises, or to the extent of his neighbor's, or to the boundary line between them, or to the nature of the title he asserts. If their purport is to restrict his own premises, or lessen his own title, they are admissible."

2. In *Hicklin* v. *McClear*, 18 Or. 126, 22 Pac. 1057, it was held, in an action involving the title to certain lots in this same town of Brooklyn, that the facts relating to the platting of the townsite by the proprietors, their dedication of the streets and alleys by conveying lots therein, the existence of the two plats, and their similitude in fact, were admissible in evidence to identify the property then in controversy. The plaintiff, relying upon the foregoing authority, offered such proof, and Mrs. Tibbetts, widow of Gideon Tibbetts, testified that Israel Mitchel surveyed the said townsite, but by mistake he called the plat of said survey "Brookland," and that the proprietors, being dissatisfied with that name, procured another plat from Mitchel in which he designated the town as Brooklyn; that said plats were each drawn upon thin yellow paper, were identical in every particular except as to the title, and that in conveying property therein all deeds executed by the proprietors described the lots and blocks as being situated in the town of Brooklyn, according to the plat thereof; that she had searched for the plat of Brooklyn in several places where she thought it probably might be, but was unable to find it, and believed it to

be lost.   Upon this testimony the plat of Brookland was admitted in evidence over the defendant's objection, who contends that as her testimony was taken by deposition, and neither plat having been present when so taken, she had not identified the plat offered in evidence, and that it was inadmissible as secondary evidence because sufficient proof of the loss of the plat of Brooklyn had not been made.   Secondary evidence of the contents of the plat of Brooklyn could be received only when the original could not be produced by the plaintiff in a reasonable time with proper diligence, and its absence was not owing to his neglect or default: Hill's Code, § 691.   "No precise rule," says BEAN, J., in *Wiseman* v. *Northern Pacific Railroad Company*, 20 Or. 425, 23 Am. St. Rep. 135, 26 Pac. 272, "has been or can be laid down as to what shall be considered a reasonable effort, but the party alleging the loss or destruction of the document is expected to show 'that he has in good faith exhausted in a reasonable degree all the sources of information and means of discovery which the nature of the case would naturally suggest, and which were accessible to him.'"   Tested by this rule, we think the plaintiff made the degree of proof required to entitle the plat of Brookland to be introduced in evidence as a copy of the plat of Brooklyn.

3.   Mrs. Tibbetts had testified that the plats of Brooklyn and Brookland had each been drawn upon thin yellow paper, and as the original plat of Brookland, drawn upon paper of that kind, was before the court, it was proper to admit it in evidence for the jury to find as a question of fact whether Mrs. Tibbetts in her deposition had identified it.

4.   We come now to the question of the admissibility of oral evidence to contradict the descriptive words of the plat of Brookland, by showing that the initial point of the survey was three hundred and five feet instead of that

number of links west of the section line. It is a well set-
tled rule that oral evidence is not admissible to contradict
or vary the terms of a written instrument, and this rule is
as applicable to questions relating to boundaries as to
others (Tyler's Law of Boundaries, 284); but where there
is an ambiguity in the descriptive words of a grant, evi-
dence of the intention of the parties at the time the instru-
ment was executed is admissible in explaining it: *Kanne* v.
*Otty*, 25 Or. 531, 36 Pac. 537. If the monuments of the
original survey of the townsite could have been discovered,
they would have controlled the descriptive words of the
plat, but there was no evidence of their existence, in the
absence of which the descriptive words of the plat must
necessarily control the location of the premises. The plat
of Brookland offered in evidence showed the corner to
sections two, three, ten, and eleven located thereon, and
also the section line between sections ten and eleven, near
the boundary between lots three and four in block two;
and it further appeared therefrom that, by the scale upon
which the plat was drawn, the said section line was nearly
three hundred and ten feet east of the northwest corner of
said block one. It thus appearing that the descriptive
words of the plat and the scale upon which it was drawn
did not agree in the location of the initial point of the sur-
vey it was for the jury to say which was correct. The
defendant's grantors, by their description in the deed, in
effect declared the southeast corner of block eighteen to
be located at a point one thousand and fifty-eight feet
south and four hundred and fifteen feet east of the north-
west corner of said section eleven, and, conceding the plat
of Brookland to be identical with that of Brooklyn, thereby
admitted the northwest corner of said block one to be three
hundred and five feet west and thirty feet south of said
section corner. We think this evidence was admissible as
tending to locate the premises in controversy.

5.   The evidence upon the question of adverse posses-
sion was conflicting, and it was for the jury to determine
whether the defendant had established a title to any por-
tion of the premises in controversy in this manner, and
their verdict under proper instructions from the court
having been for the plaintiff, this court cannot disturb the
judgment rendered thereon because it might, from the
evidence submitted to the jury, have reached a different
conclusion.   There being no error in the record it follows
that the judgment must be affirmed.

AFFIRMED,

[Decided December 31, 1894; rehearing denied.]