Tiribassi *v.* Parnell, Cowher & Co., Appellant.

Submitted April 13, 1932.

Before Trexler, P. J., Keller, Gawthrop, Cunning-
ham, Baldrige, Stadtfeld and Parker, JJ.

*Gilbert S. Parnell,* and with him *W. M. Ruddock,*
for appellant.

*L. E. Miller,* for appellee.

Opinion by Cunningham, J., July 14, 1932:

Defendant, a corporation, duly licensed to solicit
risks, collect premiums and countersign policies, on
behalf of various insurance companies, issued to plain-
tiff, on March 19, 1925, a policy of the North British
and Mercantile Insurance Company, Ltd., insuring him
for one year from April 1, 1925, against loss by fire,
to an amount not exceeding $1,000, upon his household
goods while located and contained in his dwelling
house, situated on the south side of Main Street,
North Heilwood, Indiana County, "but not elsewhere."

During the term of the policy, viz., on May 12, 1925,

plaintiff moved the goods covered thereby to his new place of residence, Ebensburg, Cambria County; a fire occurred there on December 3, 1925, in which they were totally destroyed.

The policy contained the usual provision that no suit should be sustainable thereunder "unless commenced within twelve months next after the fire;" no action has been instituted upon the contract of insurance.

On August 8, 1927, however, plaintiff brought the present action in trespass against Parnell, Cowher and Co., the agent for the insurance company, seeking to recover damages from that corporation upon the theory that it had undertaken, upon plaintiff's request, to have the insurance upon his goods so transferred as to cover them in their new location in Ebensburg but had failed and neglected so to do, with the result that his policy was rendered unenforceable against the insurance company. The trial resulted in a verdict in favor of plaintiff in the sum of $1,000 with interest; defendant's motions for a new trial and for judgment n. o. v. were denied and it has appealed from the judgment entered on the verdict.

Our examination of the record has convinced us that regard for the due administration of justice imperatively demands that the case be retried because the real issue was neither determined by the trial judge nor submitted to the jury. This unfortunate situation seems to be attributable, at least in some degree, to the inconsistencies of counsel for defendant in setting up one defense in their affidavit and submitting a point for binding instructions upon a different and inconsistent theory.

Plaintiff averred in his statement of claim that on July 22, 1925, he "called at the office of defendant in Indiana and informed one John W. McQuilken, agent and representative of defendant and then in charge of the office, that [he] had moved his household furniture

covered by said policy to Ebensburg and desired that the insurance on said personal property be transferred to the new location and at the same time paid the premium of seventeen and 40/100 ($17.40) dollars on said policy;" that McQuilken had authority to make the transfer and then and there promised plaintiff that the "necessary transfer would be made;" and that although defendant "through its duly authorized agent and representative, John W. McQuilken," had expressly promised to transfer the insurance to the new location, it negligently failed to do so and plaintiff, by reason thereof, lost the benefit of his policy and suffered damages to the extent of $1,000.

Other averments were to the effect that on January 28, 1926, plaintiff reported the loss to the office of defendant and was assured that the necessary proofs of loss would be attended to by defendant; that defendant on February 19th advised plaintiff by letter that the necessary data concerning settlement of the loss had been forwarded to the general adjustment bureau on February 5th; and that the first notice that the loss would not be paid was received by plaintiff from the bureau.

In its affidavit, defendant positively denied that McQuilken was its agent and representative or in charge of its office, or was the agent of the insurance company, and, on the contrary, averred that at the time of the transaction he was an insurance broker duly licensed by the insurance commissioner as "will appear on the public records of the insurance department." The affidavit admits receipt by defendant of oral notice of the loss on January 28, 1926, and that it notified the insurance company that the loss had occurred; it was also admitted that, under date of February 19th, it advised plaintiff, by letter, that the necessary data had been forwarded to the bureau on February 5th. It was also averred, in substance, that plaintiff had not complied with the provisions of the policy by giv-

ing notice in writing to the company of the loss, preparing and filing formal proofs of loss and bringing suit within one year after the fire.

Inasmuch as plaintiff did not bring a suit against the insurance company within the time limited, for the reason, as stated by him, that he had been advised by counsel that he could not recover because the insurance had not been transferred, the injection into the case of an issue relative to notice and proofs of loss merely served to distract attention from the real issue between the parties.

The substantial defense pleaded in the affidavit was, as averred in the twenty-fourth paragraph thereof, "that the plaintiff did not deal with the defendant in connection with the issuance of this policy of insurance, or the alleged transfer thereof, but ...... did deal with John W. McQuilken, a broker of insurance." Therefore, the primary issue under the pleadings was whether McQuilken, throughout his transactions with plaintiff, was the "agent and representative of defendant" as averred in the statement of claim, or whether, as asserted in the affidavit, he was merely the plaintiff's broker—a broker being defined by Sec. 621, Art. VI, Act of May 17, 1921, P. L. 789, 812; 40 PS Sec. 251, as a person "who, ...... for compensation, acts or aids in any manner in obtaining insurance for a person other than himself."

At the trial, plaintiff testified to the issuing of the policy, his removal to Ebensburg and his interview with McQuilken in Indiana on July 22, 1925, at which time he gave McQuilken a check (subsequently turned over to defendant) for the premium, told him of his removal and stated he wanted the policy transferred, to which McQuilken replied that "he would attend to it." Another matter testified to by plaintiff, and indicating that plaintiff regarded McQuilken as defendant's agent and that defendant had some knowledge of the removal of the goods, was the sending by

him to defendant of a letter under date of June 22, 1925, (receipt of which was admitted by defendant) reading: "I haven't replied to your letter of May 6th because I was in Indiana and talked to your agent about leaving Heilwood as I did and now living in Ebensburg, about the premium I will come to Indiana soon and straighten it out."

McQuilken was called by plaintiff for the sole purpose of proving that the check for the premium had been turned over to defendant and his cross-examination was properly confined to that subject. Defendant's motion for a compulsory nonsuit was overruled and its counsel then declined to offer any testimony, although McQuilken was available as a witness to support, if he would, the averments of the affidavit of defense that he acted as plaintiff's broker and not as defendant's agent. Neither side argued the case to the jury, nor were we afforded the benefit of an oral argument upon this appeal.

Defendant's counsel then submitted a point for binding instructions upon the theory that plaintiff's request to McQuilken for a transfer of the insurance, coupled with his promise that it would be transferred, amounted to a parol contract between plaintiff and an agent of the insurance company for such transfer, (First National Bank of Mildred v. Home Insurance Company, 274 Pa. 129) and plaintiff's remedy was, therefore, against the company. This proposition was inconsistent with the defense set up in defendant's affidavit; it was based upon an assumption by defendant that McQuilken was an agent of the insurance company with authority to bind it, and not merely plaintiff's broker and representative, as averred by defendant in its own affidavit. The point for binding instructions was properly refused, and as there was sufficient evidence to entitle plaintiff to go to the jury upon his theory of the case, it became the duty of the trial judge to submit that evidence with adequate in-

structions. Counsel for defendant submitted a number of points practically identical with the reasons urged in support of their motion for a nonsuit and of their point for binding instructions.

The charge consisted of three paragraphs: In the first, the trial judge stated the plaintiff had introduced evidence of the value of the goods destroyed in the fire as indicating the extent of the damage he claimed to have suffered "on account of lack of transfer of the insurance policy" and that it was for them to fix the amount of the verdict in accordance with that evidence, but not exceeding $1,000. The second and third paragraphs read: "Take this case, retire to the jury room, and return such a verdict as you think the evidence warrants.

"The defendant has presented a number of points for the instruction of the jury, but this being a suit based on negligence we refuse the points submitted without reading them to the jury."

This charge was clearly inadequate: Kelchner v. Nanticoke Boro., 209 Pa. 412, 417. The jury was given no explanation whatever of the degree of care which McQuilken was required to exercise if they concluded he was acting for defendant, nor of what would, or would not, amount to negligence in a matter of the kind here involved; but above all, the real issue— whether McQuilken was acting as the agent and representative of defendant or merely as plaintiff's broker —was not even mentioned, let alone submitted, to the jury as the primary fact to be found one way or the other by them. There is a clear distinction, under the Act of 1921, supra, between the duties, powers and responsibilities of agents licensed at the instance of insurance companies to solicit risks, collect premiums and issue, or countersign, policies in their behalf and those of brokers licensed to negotiate contracts of insurance, other than life insurance, for persons other than themselves. Plaintiff did not contend, as we read

the record, that McQuilken was an agent licensed at the request of the insurance company, but did assert he was an employe, agent and representative of the defendant to such an extent that his acts and undertakings in this connection were binding upon it and that at the time his uncontradicted promise to transfer the insurance was made he was in charge of its office. The defense, as pleaded, was that defendant was in no way bound by any act or promise of McQuilken, because, as it asserted, he was the plaintiff's representative. Instead of supporting its defense by evidence, clearly within its power to produce, it shifted its defense at the trial to an assertion, unsupported by any proof, that McQuilken was really the agent of the insurance company and had bound it by an oral contract of transfer; it then sought to draw the conclusion that plaintiff should have sued on the policy within a year after the fire and that his loss was due to his failure to give notice, file proofs of loss and bring an action within the period specified. Defendant's inconsistency, however, did not relieve the trial judge from the duty of submitting the real issue to the jury with such instructions as would furnish them with a proper guide by which to regulate their action.

The parties to this litigation are entitled to a decision upon the merits of the issue raised by the pleadings; we, accordingly, sustain the first assignment, charging error in refusing a new trial, and the sixth, based upon the failure to charge upon the question of negligence.

The judgment is reversed with a venire.