99 N.J. Super. 90 (1968)
238 A.2d 688
HERMAN H. HARR AND BLANCHE HARR, HIS WIFE, PLAINTIFFS-APPELLANTS,
v.
ALLSTATE INSURANCE COMPANY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 15, 1968.
Decided February 2, 1968.
*91 Before Judges CONFORD, COLLESTER and LABRECQUE.
Mr. Allan Maitlin argued the cause for appellants (Messrs. Feuerstein and Sachs, attorneys).
*92 Mr. Louis Ruprecht argued the cause for respondent (Messrs. Gaffey, Webb & McDermott, attorneys).
The opinion of the court was delivered by CONFORD, S.J.A.D.
This action, tried without a jury in the Law Division, was brought for recovery of losses due to water damage to certain business merchandise kept in the basement of plaintiffs' home, on two policies issued by defendant insurance company. A water pipe in the house had burst in the winter of 1963 while plaintiffs were away on vacation. The first policy was issued April 7, 1961 for a term of three years and will be referred to hereinafter as the "homeowners policy," as it is denominated on its cover; the other was issued January 15, 1963 for a term of one year and is hereinafter referred to as the "fire insurance policy," so similarly denominated on its cover.
The sole issue argued on this appeal is whether, the loss in question now being conceded not to be covered by either policy, defendant should be held estopped from so contending as to the fire insurance policy and accordingly adjudged liable on that policy for the loss.
The trial court granted a motion for involuntary dismissal at the conclusion of plaintiffs' case, and this appeal is taken from the consequent judgment for defendant.
In April 1961 plaintiffs ordered the homeowners policy from Joseph Meinsohn, a duly accredited agent of defendant, to cover their home in Essex Fells. Plaintiffs' previous homeowners coverage, issued by another company, was then expiring. This was the first insurance business plaintiffs ever transacted with Meinsohn. Insofar as personal property is concerned, that policy did not cover commercial merchandise, being limited to such "unscheduled personal property usual or incidental to, the occupancy of the premises as a dwelling." Plaintiff Herman Harr (who appears to have acted for both plaintiffs in this matter) knew that the homeowners policy did not cover the commercial merchandise he was and had been storing in his basement.
*93 In January 1963 Harr, according to his testimony, telephoned Meinsohn, said he was leaving for Florida (apparently on vacation), and asked "whether he could cover this merchandise for me," describing the merchandise in full. Meinsohn said he would let him know. He called back the same day and said: "Mr. Harr, we can cover you for $7,500 [Harr had asked for more] and you are fully covered." The Harrs left for Florida the next day and returned home in March 1963. While in Florida Mr. Harr received and read the fire insurance policy now in suit. That policy concededly does not cover the instant loss, for it excludes from otherwise covered explosions, "Rupture or bursting of water pipes."
After the damage was discovered on plaintiffs' return home, defendant paid the full amount claimed by plaintiffs for damage to the property covered by the homeowners policy, but refused to pay for damage to the merchandise here involved as not covered by either policy.
Plaintiffs' argument is simply stated. Defendant is estopped from denying coverage since its agent assured them that they were "fully covered" on the merchandise, and this is fairly construable as a representation, upon which they relied, that the to-be-issued new policy would be coextensive, as to hazards covered, with the homeowners policy previously issued plaintiffs by the same company through the same agent. Defendant argues that the doctrine of estoppel cannot be used to enlarge the coverage of a policy, and that in any case the parol evidence rule operates to exclude the conversations proven between Harr and Meinsohn. At the argument on the motion before the trial court defendant also argued that nothing which Meinsohn said or did, factually or legally, created an estoppel against it, and it inferentially renews that contention on the appeal. Defendant does not argue that the issue of estoppel was not raised by plaintiffs below or that it is otherwise procedurally barred from consideration on this appeal.
*94 The trial judge saw the case, as pleaded and argued, as essentially one of the scope of coverage of the policies, possibly because that question, rather than the issue of estoppel, was primarily stressed in the argument on the motion and during the trial. In any case, the effect of the court's action was to reject the estoppel argument, whether on grounds of fact or law. Our conclusion is that the result reached was correct on the facts adduced at the end of plaintiffs' case, see R.R. 4:42-2 (b), even if the doctrine of estoppel in pais is legally available, generally, to defeat a defense to an action on a policy on grounds of non-coverage.
The question whether waiver or estoppel can ever apply against an insurer to permit recovery beyond the coverage of the policy is often answered negatively in general terms, see Goldberg v. Commercial Union Ins. Co. of N.Y., 78 N.J. Super. 183, 191 (App. Div. 1963); Annotation, 1 A.L.R.3d 1139, 1147 (1965), but many of the reported cases so stating fail to involve facts presenting all the necessary elements of a true estoppel in pais, e.g., Goldberg, supra (no reliance by insured to his detriment on any representation by insurer's agent). Where the issue is squarely faced and facts evoking a true estoppel are presented, recovery expressly predicated on that ground is frequently allowed. Farmers Mutual Automobile Ins. Co. v. Bechard, 122 N.W.2d 86 (S.D. Sup. Ct. 1963) (the lead case for the annotation in 1 A.L.R.3d, supra); Ivey v. United National Indemnity Co., 259 F.2d 205 (9 Cir. 1958). Our own court, most recently, in Muller Fuel Oil Co. v. Insurance Co. of North America, 95 N.J. Super. 564 (App. Div. 1967), while not adverting to the supposed general rule, held that if an insurance company's agent sold a comprehensive liability policy with an express oral assurance to the purchaser that it would cover him for liability for malicious prosecution on a particular criminal complaint he had filed some time before, but where that complaint had not yet been disposed of in the criminal court or suit for malicious prosecution been instituted, the company would be liable notwithstanding *95 that the policy on its face did not as a matter of law effect coverage in that fact situation. The court implied that the insured might possibly have secured effective coverage elsewhere had the representation not been made and relied on. 95 N.J. Super., at p. 580. We regard this result as essentially the application of an estoppel in pais against the insurer, although the opinion does not denominate it as such.
For another common type of recognition of estoppel to bar the defense of noncoverage by an insurer, see Merchants Indemnity Corp. v. Eggleston, 37 N.J. 114, 129 (1962); Sneed v. Concord Insurance Company, 98 N.J. Super. 306 (App. Div. 1967). Cf. Ebert v. Balter, 83 N.J. Super. 545 (Cty. Ct. 1964).
We incline to the view that if the evidence justified the conclusion that Meinsohn represented to Harr that he would get him insurance which would cover the merchandise against damage by water and that Harr relied thereon by not getting such coverage elsewhere, the basically equitable and just doctrine of estoppel in pais would bar defendant's assertion of the defense of noncoverage. Muller Fuel Oil Co. v. Ins. Co. of No. Amer., supra. In such case the fact-finder could justifiably conclude (or, perhaps, decline to) that there was reliance even though Harr read the fire insurance policy and failed to notice or appreciate the express exclusion in the fine print on both the "household contents" and "extended coverage" indorsements of loss by rupture or bursting of water pipes. Cf. Gerhardt v. Continental Ins. Cos., 48 N.J. 291, 298 (1966). The defense of the parol evidence rule is here irrelevant since the issue argued is not the proper construction of the policy as framed.
However, we are in agreement with the implied factual finding by the trial court on the undisputed objective facts before it on the motion, R.R. 4:42-2 (b), that there were neither representations nor reliance of the nature postulated. If the assumed fact finding by the trial court is regarded as not sufficiently express within the requirement *96 of the practice rule cited (a point not urged), we hereby ratify it by the exercise of our own fact-finding appellate jurisdiction in order to finally determine this controversy. R.R. 1:5-4 (a); R.R. 2:5.
The burden of proof of establishing estoppel is on the plaintiffs in this case. It is significant that Harr admitted on cross-examination that water damage coverage for the merchandise was not discussed with Meinsohn, and it is clearly inferable that neither of the men was in any way contemplating that particular hazard when Meinsohn told Harr he was "fully covered." We are not impressed with the contention that estoppel should be spelled out on the asserted claim that Meinsohn was representing, and Harr relying thereon, that every kind of hazard of loss insured by the homeowners policy would necessarily be covered in the fire insurance policy to be issued. The homeowners policy was not even mentioned in the conversation testified to by plaintiff. It had been written almost two years before. The expression by Meinsohn that Harr was "fully covered" by the fire insurance policy is at best ambiguous. Cf. Smith v. Automobile Ins. Co., 108 Conn. 349, 143 A. 165, 166 (Sup. Ct. Err. 1928). And the policy received by Harr and read by him plainly said on its face, "Fire Insurance Policy," so that he could not assume it would necessarily have all coverage that a homeowners policy might have, even though it had "household contents" and extended coverage indorsements.[1] The essentials of an estoppel in pais are not here satisfactorily proven in point of fact.
Judgment affirmed; no costs.
NOTES
[1] The homeowners policy has seven indorsements on it; the fire insurance policy, three. There is nothing before us to indicate that the exclusion in the latter here relevant are uncommon or unusual in the printed form indorsements wherein included.