# W. W. Coal Co. v. Pennsylvania National Mutual Casualty Insurance Co.

*Samuel D. Clapper* and *Barbera & Barbera*, for plaintiff.

*Frank A. Orban, Jr.*, and *William L. Kimmel*, of *Kimmel & Rascona*, for defendants.

COFFROTH, P. J., March 3, 1975—This case is here on preliminary objections filed by both

defendants to plaintiffs' complaint raising the questions of the recoverability of punitive damages and the sufficiency of the averments to support such claim.

Defendants assert that despite the labeling of a count of the complaint in trespass in which the punitive damages are claimed, all counts sound in contract in which punitive damages are impermissible. This contention compels us to examine the causes of action alleged in order to ascertain their essential nature.

Plaintiffs' complaint is filed against an insurance company and its general agent, stating a count in assumpsit based upon the agent's oral assurances to plaintiffs, who had requested blasting insurance on their strip mining operations, that the agent would procure such coverage for them, and thereafter that plaintiffs had such coverage, when, in fact, no such coverage had been obtained. Plaintiffs thereafter successfully defended a suit against them for blasting damage, and this action is for the costs and expenses of that former suit which defendant insurance company refused to defend for lack of coverage.

The complaint states an alternative assumpsit count for the same damages based upon the agent's oral promise to indemnify plaintiffs if the company did not furnish coverage.

The third count of the complaint states an alternative claim in trespass for the same damages by reason of the agent's alleged negligent failure to obtain coverage.

The fourth count is labeled "For Punitive Damages-In Trespass" and claims punitive or exemplary damages in addition to the compensatory damages claimed in the other counts.

Where an insurance agent or broker promises, or

gives some affirmative assurance or representation, that he will procure or renew a policy of insurance under such circumstances as to lull the applicant into the belief that such insurance has been effected, the law will impose upon the agent or broker liability for nonperformance of the obligation which he has thus assumed: Avondale Cut Rate v. Associated Excess Underwriters, 406 Pa. 493, 178 A. 2d 758 (1962) (assumpsit); Aresto v. Milie, 184 Pa. Superior Ct. 114, 133 A. 2d 304 (1957) (assumpsit). Compare Insurance Department v. Sneyd, 88 D. & C. 97 (1953) (departmental sanctions). In such case, the promisor is estopped to deny liability regardless of consideration for the promise. See Luther v. Coal Operators Casualty, 379 Pa. 113, 108 A. 2d 691 (1954); Aresto v. Milie, supra; Restatement, Contracts, §90. There must be evidence of a promise or assurance, express or implied, to bring into operation the agent's contractual duty to the applicant. See Luther v. Coal Operators Casualty, supra; Bailey v. Donegal Mutual Ins., 43 D. & C. 2d 218 (1967); Restatement Contracts §2. In general, see 29 A.L.R. 2d 171.

Liability of the insurer for the agent's conduct depends upon whether defendant Wagner was the company's agent and whether the assurance was given within the scope of his real or apparent authority. The averments of the complaint appear sufficient and are not challenged on this ground.[1]

---

1. See Gough v. Halperin, 306 Pa. 230, 235, 159 Atl. 447 (1932); Fedas v. Insurance Company of Pa., 300 Pa. 555, 559, 151 Atl. 285 (1930); Bachman v. Monte, 326 Pa. 289, 192 Atl. 485 (1937). Rempel v. Nationwide, 227 Pa. Superior Ct. 87 (parol evidence rule), supra; Buff v. Fetterolf, 207 Pa. Superior Ct. 92, 215 A. 2d 327 (1965); Litto v. Public Fire Ins. Co., 109 Pa. Superior Ct. 195, 167 Atl. 603 (1933); Commonwealth v.

The parties may also be liable in such circumstances in tort for fraud or negligence, in violation of the duty of diligence and good faith which the insurer and its agents owe to the public. See Rempel v. Nationwide Life Ins. Co., 227 Pa. Superior Ct. 87, 323 A. 2d 193 (1974); Tiribassi v. Parnell, Cowher & Co., 106 Pa. Superior Ct. 168, 161 Atl. 477 (1932); Malitas v. Bonaventura, 34 D. & C. 2d 32 (1964); Kroeger v. Pitcairn, 101 Pa. 311 (1882); Lippert v. Bailey, 50 Cal. Rep. 478 (1966); Hinds v. United Insurance, 149 S.E. 2d 771 (S.C. 1966).[2]

The suit for damages arising from such conduct may be in contract or tort, at plaintiff's election: Am. Jur. 2d, Insurance 43 §174, page 231; 44 C.J.S. Insurance, §172b, 860. Under present Pa. R.C.P. 1020(d)(1), causes of action in assumpsit and trespass may be joined in the alternative in the same action and, under subparagraph (c) of the same rule no election of remedies is required.

It is true that the general rule is that punitive damages are not recoverable for breach of contract: Restatement Contracts §342. This appears to be Pennsylvania law, except in actions for breach of promise to marry: Pittsb. C.&St.L.Ry.Co. v. Lyon, 123 Pa. 140, 150, 16 Atl. 607 (1888) which are now abolished: Act of June 22, 1935, P.L. 450, 48 P.S. §171. But a further qualification appears in Comment b to Restatement Torts §908 that:

Transamerica Ins. Co., 12 Commonwealth Ct. 190, 197, 316 A. 2d 85 (1974); Harr v. Allstate, 99 N.J. Super. 90, 238 A. 2d 688, aff'd. in part, rev. in part, 54 N.J. 287, 255 A. 2d 208 (1969); compare Fry v. Barrett, 55 D. & C. 640 (1945) (broker). See also 18 P.L.Encyc. Insurance, §§34 and 36, 475, 480; 44 C.J.S. Insurance, §§149, 150 and 165.

2. See Morrison, The Anomalous Position of the Insurance Agent-An Invitation to Schizophrenia, 12 Villanova L. R. 535.

". . . where a person has an alternative right to sue for a breach of contract or for a tort, the fact that the act constituted a breach of contract does not preclude the award of punitive damages if the action is brought for the tort."

That principle was followed in a well-reasoned opinion in Morgan v. Continental Credit Corp., 58 D. & C. 620 (1947) (Crumlish, *J.*). And in Hinds v. United Insurance, supra, an action in tort for negligence of defendant's insurance agent in handling plaintiff's insurance application, a majority of the court affirmed the award of punitive damages on the ground that there is "no sound reason for holding that the tort alleged in the complaint in this action should be governed by a rule different from that applicable in other tort actions.": 149 S.E. 2d 771, 776. One justice dissented from the latter conclusion on the ground that the obligation was essentially a contractual one, as defendants here assert.

But we are persuaded of the soundness of the Restatement Comment quoted above, and the holdings in the Morgan and Hinds cases, supra, that punitive damages are not impermissible in this case merely because of the dual nature of the operative facts. In fact, in our view, if the matter be important, all counts sound more in tort than contract; they rest upon wrongful conduct in both the making and the breaking of the assurance given.

Restatement Torts §908 has been adopted in Pennsylvania as the rule governing the award of punitive damages: Chambers v. Montgomery, 411 Pa. 339, 192 A. 2d 355 (1963); Focht v. Rabada, 217 Pa. Superior Ct. 35, 268 A. 2d 157 (1970); Esmond v. Liscio, 209 Pa. Superior Ct. 200, 224 A. 2d 793 (1966). The test there prescribed is that the conduct be "outrageous," which means "acts done with a

bad motive or with a reckless indifference to the interests of others.": Comment b to section 908. The relevant averment in paragraph 49 of the complaint is:

"49. The conduct of Defendants, through their agents, servants, workmen and employees, in assuring Plaintiffs of coverage, in failing to institute coverage, in lulling Plaintiffs into a false sense of security, in delaying for nearly a year notification to Plaintiffs that they had no coverage, in assuring Plaintiffs both before and after such notice that everything would be taken care of, in failing to suggest to Plaintiffs that they cease blasting or obtain other insurance, and otherwise, as aforesaid, is unreasonable, outrageous, deliberate, intentional, willful, wanton, knowing, grossly careless, and in capricious disregard of the rights and interests of Plaintiffs."

We consider this adequate pleading of punitive damages against both defendants. Whether the requisite improper motive or reckless indifference exists cannot be precisely determined from allegations of the material facts, but must await evidentiary details which pleadings are not required to set forth: Coleman v. C & R, 28 Somerset 401 (1973). Whether the proof will measure up or, if it does, whether the jury will consider the conduct outrageous, lie in the future.

The responsibility of defendant insurer as principal for punitive damages for the agent's conduct is further covered in Restatement Torts §909. See also Lane v. Security Title and Trust, 382 S.W. 2d 326 (1964).

## ORDER

Now, March 3, 1975, the preliminary objections are overruled. Defendants are allowed 30 days to answer the complaint.