## Sweitzer v. National Grange Mutual Insurance Company

*Robert G. Weisgerber,* for plaintiff.

*Herbert C. Kimpel* and *Robert D. Flaherty,* for defendants.

MIHALICH, *J.,* February 3, 1982 — This matter comes before the court en banc upon preliminary objections filed by each of the two defendants, wherein they contend plaintiff's complaint fails to state a cause of action.

Marlene M. Sweitzer died as a guest passenger in an automobile accident on July 14, 1980. The host driver was Martina M. Zubach, and she was insured

by Nationwide Insurance Company. Nationwide's limits of $15,000 have been paid to plaintiff.

At the time of the accident, decedent had a policy of insurance with defendant, National Grange Mutual Insurance Company, with liability limits of $100,000 and uninsured and/or underinsured motorists' coverage of $30,000.

Plaintiff, Thomas W. Sweitzer, is decedent's brother, administrator of decedent's estate and guardian of decedent's minor child; and as such fiduciary, he commenced this action in trespass against defendant insurance company and its agent, Robert D. Kalp.

Plaintiff's complaint alleges decedent was entitled to purchase an additional $70,000 in uninsured and/or underinsured motorists' coverage and defendant, Robert D. Kalp, was negligent in issuing the policy of insurance without informing decedent insured of the availability of underinsured motorists' coverage in an amount equal to bodily injury liability coverage purchased by the insured.

The issue before this court is whether there exists a duty recognized under the laws of this Commonwealth requiring defendants to inform decedent insured of the maximum available underinsured motorists' coverage and the cost thereof. In order for plaintiff to recover in the instant proceeding, not only must there be a lack of due care on the part of defendants, but such lack of due care must involve a breach of duty to inform owed by defendants to plaintiff. Therefore, in a legal sense the determination of whether or not defendants are guilty of negligence involves the following two questions: (1) did defendants owe a duty to plaintiff, and (2) did defendants breach that duty: 38 Am. Jur., Negligence § 12. See also Schentzel v. Philadelphia Nat. League Club, 173 Pa. Superior Ct. 179, 96 A. 2d 181 (1953); Sum. Pa. Jur., Torts § 3.

It is not disputed that an insurance company bears the duty to exercise good faith and reasonable skill, care and diligence in writing and issuing policies for its insured. A general insurance agent or broker of insurance is assumed to have requisite knowledge and ability to transact business for the public and the insurance companies and is bound to use reasonable skill, care and diligence, and failure to do this, resulting in loss to insured, is a basis for recovery: Walker v. Black, 216 Pa. 395, 65 Atl. 799 (1907); Aresto v. Milie, 184 Pa. Superior Ct. 114, 133 A. 2d 304 (1957); Tiribassi v. Parnell, Cowher & Co., 106 Pa. Superior Ct. 168, 161 Atl. 477 (1932); 18 P.L.E., Ins. §40.

Counsel for plaintiff and defendants have, in their briefs and in oral argument, capably presented their respective clients' positions. Neither counsel nor this court has found any legal precedent of this Commonwealth on the issue of defendants' duty to inform a purchaser of the maximum available underinsured motorists' coverage. In order to sustain defendants' preliminary objections, this court must conclude that the law of this Commonwealth does not so require defendants to inform a purchaser of available minimum underinsured motorists' coverage.

In Johnston v. Concord Mutual Insurance Company, 450 Pa. 614, 300 A. 2d 61 (1973), the Pennsylvania Supreme Court broadly and liberally construed the statutory requirement under Act of August 14, 1963, P.L. 909, §1, 40 P.S. §2000 requiring all policies of motor vehicle insurance contain uninsured motorists' coverage unless the insured rejects such protection in writing. The Supreme Court recognized that the statute evolved from public policy considerations and must be broadly and liberally construed to accomplish this purpose. A waiver of uninsured motorists' coverage was deemed effective only if it manifests an intentional relinquishment of the legis-

latively granted "right" of uninsured insurance protection. A waiver of law is the act of intentionally relinquishing or abandoning some known right, claim or privilege.

Defendant-insurance company and agent contend that no duty was owed to decedent other than for the issuance of a policy in conformity to decedent's instructions. While the instant proceeding does not present a case of a "legislatively" protected right requiring a written waiver, plaintiff does allege an entitlement (right) to buy uninsured coverage in an amount *equal* to the $100,000 third party coverage. Since decedent purchased $100,000 of general liability coverage, plaintiff contends decedent had a corresponding right to purchase $100,000 of underinsured motorists' coverage.

If plaintiff did in fact have a right as alleged to purchase $100,000 of underinsured motorists' coverage, defendant had a corresponding duty to sell to plaintiff such maximum coverage. This court is compelled to conclude that once plaintiff was committed to the purchase of $100,000 of general liability coverage, defendants had a duty to communicate to plaintiff all relevant policy considerations not readily ascertainable concerning plaintiff's alleged right to purchase $100,000 in underinsured motorists' coverage: (Cf. Cleary v. County Mutual Insurance Company, 63 Ill.App. 3d 637, 380 N.E. 2d 525 (1978)).

## ORDER

And now, February 3, 1982, in accordance with the opinion dated and filed of even date herewith, it is hereby ordered, adjudged and decreed that the preliminary objections of defendants, National Grange Mutual Insurance Company, and Robert D. Kalp, t/d/b/a Robert D. Kalp Insurance Agency, are dismissed.